ANDRES DE SANTIEGO V. THE STATE.

No. 22650. Delivered December 8, 1943.

The opinion states the case.

*Temple Calhoun* and *Randle Taylor,* both of San Antonio, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

Appellant was convicted of the offense of doing business as an employment agent without first having obtained a license to engage in such business from the Commissioner of Labor Statistics, and his punishment was assessed at confinement in the county jail for a period of three months and a fine of $500.00.

The prosecution is based upon Section 16 of Chapter 67, Acts of the 48th Legislature, Regular Session (1943), which section reads as follows: "Whoever acts as an employment or labor agent or conducts an employment office in any county in this State without having first filed with the Commissioner of Labor Statistics of the State of Texas, an application for license as employment or labor agent as provided by this Act. and/or without having first paid all State and county occupation taxes and annual license fee as provided by law or without having first secured a State license as provided, and/or who does not file monthly reports as provided by this Act, and/or who shall engage in the business of an employment or labor agent in any county in this State without first having designated such county as one of the counties in which he proposes to do such business in his original or amended application to the Commissioner of Labor Statistics of Texas, shall be guilty of a misdemeanor, and upon conviction shall be punished by fine not exceeding Five Hundred Dollars ($500), or by imprisonment in the county jail for not exceeding six (6) months, or by both such fine and imprisonment."

It was charged in the complaint and information, omitting the formal parts, that "on or about the 1st day of May, 1943, in the said County of San Patricio and State of Texas, Andres De Santiego did act as an employment or labor agent in said county and state without having first filed with the Commissioner of Labor Statistics of the State of Texas an application for license as such employment or labor agent, *in* which said county was designated as a county in which he proposed to do business."

Appellant's first complaint relates to the court's action in overruling his motion to quash the complaint and information.

We are of the opinion that his contention is well founded. It will be noted that it was charged in the information, which followed the language of the complaint, that on or about the 1st day of May, 1943, appellant, in the County of San Patricio and State of Texas, did act as an employment or labor agent, etc., without stating any act which he did that would bring him within the scope or category of such employment agency. The averment that he acted as an employment or labor agent was but the statement of a conclusion and not a fact. The pleader should have gone further and stated the act or acts which the accused did so that he would be apprised of the nature of the accusation against him, otherwise he would not know what he would be required to meet upon his trial. Article 414, C. C. P., requires that the offense be set forth in the information in plain and intelligible words. The rules relating to allegations in indictments and the certainty required are also applicable to informations. See Weinberger v. State, 131 Tex. Cr. R. 308; Reeves v. State, 162 S. W. (2d) 705; Jennings v. State, 88 Tex. Cr. R. 640; Cremillion v. State, 131 Tex. Cr. R. 492; Middleton v. State, 114 Tex. Cr. R. 263, and cases cited.

For the error herein pointed out, the judgment of the trial court is reversed and the prosecution ordered dismissed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.