Shera SWOPE, Appellant,

v.

The STATE of Texas, Appellee.

No. 406–87.

Court of Criminal Appeals of Texas, En Banc.

Feb. 13, 1991.

Rehearing Overruled March 13, 1991.

David L. Botsford, Frank Maloney, Austin, for appellant.

Arthur C. Eads, Dist. Atty., and James T. Russell, Asst. Dist. Atty., Belton, Robert Huttash, State's Atty., Austin, for the State.

OPINION ON APPELLANT'S PETITION
FOR DISCRETIONARY REVIEW

CLINTON, Judge.

Appellant Shera Swope was convicted by a jury of the offense of theft by deception. V.T.C.A.Penal Code, §§ 31.01 and 31.03. Punishment was assessed at twenty years imprisonment and a fine totaling $80,000. On appeal, the Third Court of Appeals affirmed the conviction with a minor reformation of the judgment. *Swope v. State*, 723 S.W.2d 216. (Tex.App.—Austin 1986).

We granted appellant's petition for discretionary review to consider "whether a defendant, who is indicted only as a party to the commission of an offense committed by another, is entitled to notice of the manner and means of the acts which he allegedly committed and which allegedly subject him to party responsibility." See Tex.R. App.Pro., Rule 200(c)(2). The problem presented here is rooted in decisions of the sharply divided Court in *Romo v. State*, 568 S.W.2d 298 (Tex.Cr.App.1977–1978), and *Pitts v. State*, 569 S.W.2d 898 (Tex.Cr. App.1978), and we are not asked to reexamine either in this cause. We will affirm the judgment of the court of appeals.

The offense was alleged in an eight count indictment which specifically alleged appellant's guilt under the law of parties as set out in V.T.C.A.Penal Code, § 7.02(a)(2). Each of the eight counts was essentially the same, except for the dates and amounts, and alleged as follows:

"LORENA LOVE WIDMER ... did then and there unlawfully acquire and exercise control over property, to-wit: money of the value of $35,000 DOLLARS from Eslar Rutherford without the effective consent of Eslar Rutherford, the owner thereof, and with the intent to deprive the said owner of said property by then and there creating and confirming by words and conduct a false impression of fact to Eslar Rutherford that was likely to affect and did affect the judgment of Eslar Rutherford in the transaction which the said Lorena Love Widmer did

not believe to be true, to-wit: that she, the said Lorena Love Widmer, was an heir and beneficiary of an estate yet to be distributed and by promising performance to Eslar Rutherford that was likely to affect and did affect the judgment of Eslar Rutherford in the transaction which the said Lorena Love Widmer did not intend to perform and knew would not be performed, to-wit: that she, the said Lorena Love Widmer, would use the said money acquired from Eslar Rutherford to pay taxes and claims and legal fees associated with the said estate and that she, the said Lorena Love Widmer, would repay the said money acquired from Eslar Rutherford and *Shera Swope, aka Edwina, aka Puff, hereinafter styled the defendant, acting with the intent to promote and assist the commission of the aforesaid offense, did then and there solicit, encourage, direct, aid and attempt to aid Lorena Love Widmer to commit the said offense....*" [Emphasis supplied.]

Although the law is settled that "a party to an offense may be charged with the offense without alleging the facts which make the defendant a party to the offense and criminally responsible for the conduct of another," *Pitts v. State,* supra, at 900, this Court has never addressed the question of the specificity required in the face of a motion to quash an indictment which alleges *only* party liability.

Appellant argues that the Court of Appeals erred in upholding the district court's overruling of her motion to quash the indictment for allegedly failing to provide adequate notice of the offenses charged, what the State will rely on to convict, "exact facts the State will seek to establish," or "sufficient facts to notify Defendant" which of the five activities prohibited by § 7.02(a)(2), supra, she was accused of engaging in to make her responsible for the alleged offenses attributed to Lorena Love Widmer. Appellant acknowledges that under § 7.01(c), supra, a person may be indict-

ed as a party without an allegation that the person acted as a principal or an accomplice, but argues that the state and federal constitutions nevertheless require adequate notice of the offense charged, and that such notice was not provided here even after it was specifically requested in the motion to quash.

■ The State argues, as the Court of Appeals held, that this case is controlled by *Pitts,* which held that "a party to an offense may be charged with the offense without alleging the facts which make the defendant a party to the offense and criminally responsible for the conduct of another." 569 S.W.2d at 900. We agree.

■ In *Pitts,* the defendant was indicted for attempted capital murder. The jury charge contained an instruction that authorized conviction on the theory of party liability. Upholding the validity of such a charge, based on § 7.01(c), supra,* the Court wrote:

"Sec. 7.01(c) now plainly requires that we hold a party to an offense may be charged with the offense without alleging the facts which make the defendant a party to the offense and criminally responsible for the conduct of another. If the evidence supports a charge on the law of parties, as it does here, the court may charge on the law of parties even though there is no such allegation in the indictment."

*Pitts,* 569 S.W.2d at 900. See also *Crank v. State,* 761 S.W.2d 328 (Tex.Cr.App.1988). The general rule is that a motion to quash an indictment will be granted if there have been omitted facts essential to giving notice, but the indictment need not plead evidence relied on by the State. *Thomas v. State,* 621 S.W.2d 158 (Tex.Cr.App.1981) (Opinion on State's motion for rehearing). The clear implication of *Pitts* is that under § 7.02, supra, sufficient notice to prepare a defense is given to a party to an offense by allegations of the underlying offense itself, and the facts which make a person crimi-

---

* V.T.C.A.Penal Code, § 7.01(c) provides:

All traditional distinctions between accomplices and principals are abolished by this

section, and each party to an offense may be charged and convicted without alleging that he acted as a principal or accomplice.

nally responsible for the conduct of another are evidentiary and need not be pled.

If he is not entitled to any notice as to his criminal responsibility in the first place, *Pitts*, supra, it surely follows that he is not entitled to more notice than the pleader gratuitously gives. Having been fortuitously put on notice that his criminal responsibility is as a party, appellant will be provided further notice of manner and means through the evidence adduced, and may then demand that the trial court properly apply the law of parties to the facts thus presented. *Romo v. State*, supra. In that fashion appellant has been apprised of everything due process and due course of law mandate. See *Sattiewhite v. State*, 600 S.W.2d 277, at 285 (Tex.Cr.App.1980).

■ We hold that an accused specifically indicted as a party under § 7.02(a)(2), supra, is not entitled to further allegation of the manner and means whereby he is supposed to have solicited, encouraged, directed, aided or attempted to aid the primary actor in commission of the offense.

Accordingly, the judgment of the court of appeals is affirmed.

MALONEY, J., not participating.

MILLER, Judge, dissenting.

In affirming appellant's conviction, the court of appeals applied a line of cases beginning with *Pitts v. State*, 569 S.W.2d 898 (Tex.Cr.App.1978), and held that the information sought by appellant was evidentiary and not required for purposes of notice. Today, a majority of this court upholds that judgment *solely* on the one line of logic:

> "If he is not entitled to any notice as to his criminal responsibility in the first place, *Pitts*, supra, *it surely follows* that he is not entitled to more notice than the pleader gratuitously gives." (Emphasis supplied; Opinion, page 445)

I do not agree that the majority's proposition so "surely follows". Thus I dissent.

In an eight count indictment, the State alleged in each count that on a certain specified date, Lorena Love Widmer committed the offense of theft by deception from Eslar Rutherford and that appellant,

> "... acting with the intent to promote and assist the commission of the aforesaid offense, did then and there solicit, encourage, direct, aid and attempt to aid Lorena Love Widmer to commit the said offense." [1]

From the record, it appears that appellant was never indicted as a primary defendant.

In her motion to quash, appellant complained that the indictment failed to allege specific facts showing how she was a party to the underlying offense, and as such failed to provide her with adequate notice upon which to prepare her defense. Appellant does not complain that the indictment is defective on its face; rather, appellant criticizes the form of the allegations contained within the indictment.

The procedure for examining a complaint as to form was discussed at length in *Adams v. State*, 707 S.W.2d 900 (Tex.Cr. App.1986) wherein we stated:

> ... [W]hen a challenge to an accusation for failure to give adequate notice on which to prepare a defense is properly and timely asserted with adequate statement of the manner in which notice is deficient, "fundamental constitutional protections are invoked." *Drumm v. State*, 560 S.W.2d 944 (Tex.Cr.App.1977). Such a challenge "calls for examination of the criminal accusation from the perspective of the accused." *Id.* "When the defendant petitions for sufficient notice of the state's charge by motion to quash ..., the presumption of innocence coupled with his right to notice requires that he be given such notice." *Id.*

*Adams*, 707 S.W.2d at 901.

The specificity required in the face of a motion to quash an indictment which alleges only party liability for an offense does not appear to have been addressed directly

---

1. V.T.C.A.Penal Code, Section 7.02(a)(2) reads: "A person is criminally responsible for an offense committed by the conduct of another if: ... acting with the intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense ...".

by this Court. The court of appeals applied a body of caselaw which touches upon the issue indirectly, and although we believe these cases are not totally dispositive, an examination of the holdings therein is worthwhile.

In *Pitts v. State*, 569 S.W.2d 898 (Tex.Cr. App.1978), a defendant was indicted for the offense of attempted capital murder. The jury was then given an instruction which allowed conviction on the theory of party liability. Based upon V.T.C.A.Penal Code, Sec. 7.01(c)[2], we upheld the validity of such a charge, stating "a party to an offense may be charged with the offense without alleging the facts which make the defendant a party to the offense and criminally responsible for the conduct of another." *Pitts*, 569 S.W.2d at 900. Conversely, in *Rico v. State*, 707 S.W.2d 549 (Tex.Cr.App. 1986) (Opinion on Rehearing), we upheld the validity of a jury instruction which allowed conviction of the defendant for committing an offense "while acting alone" even though the information alleged only party liability. *Rico*, 707 S.W.2d at 552. In neither of these cases, however, did the defendant file a pretrial motion to quash the charging instrument.

In *Crank v. State*, 761 S.W.2d 328 (Tex. Cr.App.1988), however, the defendant filed a pretrial motion to quash the indictment which alleged capital murder, i.e., committing murder in the course of committing robbery. Because the defendant was also charged with conspiracy to commit presumably the same robbery in a separate indictment pending in the court, and that indictment also named a co-conspirator, the defendant asserted in his motion:

> If [sic] it is the State's position that these two individuals did in fact act together, this Defendant is entitled to an allegation that he acted as a party to the [capital murder] offense, and if guilty at all, is guilty under the theory of criminal responsibility as set forth in Secs. 7.01 and 7.02, V.T.C.A., Penal Code.

*Crank*, 761 S.W.2d at 351. The defendant went on to assert that the indictment should allege facts showing how he was criminally responsible for the conduct of others in the commission of the capital murder. Relying on *Pitts*, this Court held that the trial court did not err in denying the motion since the indictment did not have to allege party liability at all. *Id.*

Similarly, in *Gantz v. State*, 661 S.W.2d 213 (Tex.App.—San Antonio 1983) (Petition for Discretionary Review refused), a defendant and a co-defendant were indicted for attempted capital murder, and the defendant filed a pretrial motion to quash requesting specific facts as to how he was criminally responsible for the offense. Apparently, the defendant assumed that at least one of the co-defendants would be convicted, if at all, on the law of parties since only one of them could have fired the gun involved in the murder. Applying *Pitts*, the San Antonio Court of Appeals nevertheless held that the defendant was not entitled to such information. *Gantz*, 661 S.W.2d at 222. Like the defendant in *Crank*, the defendant in *Gantz*, was indicted as a primary actor, not as a party. In essence, both defendants were asking for more specificity as to allegations not even in the indictment or required under *Pitts*. *See also Stein v. State*, 689 S.W.2d 932, 935 (Tex.App.—1985), PDR refused.

Based on these cases, the court of appeals in the present case held:

> ... the Pitts rationale, that allegations in the indictment of the underlying offense are sufficient to put a party defendant on notice of the charges against him, is equally applicable in this appeal. The indictment here involves alleged specific acts by Widmer to which Swope was a party, thereby giving Swope sufficient notice of the charges against her.[3]

*Swope*, 723 S.W.2d at 226.

I believe the application of the *Pitts* rationale to the present case is misplaced.

2. V.T.C.A.Penal Code, Section 7.01(c) provides that "[a]ll traditional distinctions between accomplices and principals are abolished by this section, and each party to an offense may be

charged and convicted without alleging that he acted as a principal or accomplice."

3. This language suggests that the court of appeals overlooks the proper inquiry when review-

*Pitts* stands for the proposition that the State could have indicted appellant directly for the offense of theft and then instructed the jury to allow conviction on a theory of party liability. Simply because the State could have omitted from the indictment any reference to party liability pursuant to Sec. 7.02(a)(2), however, does not dispose of the issue of the specificity required when the States elects to include such an allegation.[4] Where the State *chooses* to indict *under* Sec. 7.02(a)(2), will such an indictment be held to the same standards of pleading as with any other allegations, or will the *Pitts* rationale be extended as an exception to the legion of cases that comprise our body of law dealing with sufficiency of an indictment? This is a question of first impression.

As noted, appellant was indicted as a party pursuant to Sec. 7.02(a)(2) which reads in pertinent part:

> A person is criminally responsible for an offense committed by another if: ... acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids or attempts to aid the other person to commit the offense ...

V.T.C.A.Penal Code, Section 7.02. Appellant properly characterizes the grounds for her motion to quash as a failure to give notice as to the manner and means by which she allegedly "solicited, encouraged, directed, aided or attempted to aid" Widmer to commit the underlying offense of theft.

Looking at the general body of law dealing with requisite specificity of an indictment: As a general rule, where a defendant is denied more particular pleadings via a pre-trial motion to quash, such a denial does not constitute error if the information sought is "essentially evidentiary and not required for purposes of notice and plea in bar." *Thomas v. State,* 621 S.W.2d 158 (Tex.Cr.App.1981) (opinion on rehearing). Normally, an indictment which tracks the statutory language of an offense is sufficient for purposes of notice, and where a term within that language is statutorily defined, the definition is "essentially evidentiary" and need not be further alleged. *Thomas,* 621 S.W.2d 158; *Garcia v. State,* 747 S.W.2d 379 (Tex.Cr.App.1988); *May v. State,* 618 S.W.2d 333 (Tex.Cr.App.1981); *Phillips v. State,* 597 S.W.2d 929 (Tex.Cr. App.1980), reh'g denied. Furthermore, where the statute contains multiple definitions, the specific definition to be relied on by the State does not have to be alleged. *Garcia,* 747 S.W.2d at 381.

An exception to this rule, however, is where the term involves an act or omission of the defendant. *Id.* In that case, we have held:

> ... [W]hen an act or omission by a defendant is statutorily defined, and that definition provides more than one way to commit the act or omission, then, upon timely request, the State must allege the manner and means it seeks to establish.

*Id.,* at 380 (emphasis omitted) [citing *Ferguson v. State,* 622 S.W.2d 846 (Tex.Cr. App.1981) ]; *see also Drumm v. State,* 560 S.W.2d 944 (Tex.Cr.App.1977); *Gorman v. State,* 634 S.W.2d 681 (Tex.Cr.App.1982). Most recently, in *Solis v. State,* 787 S.W.2d 388 (Tex.Cr.App.1990), we firmly reiterated

---

ing the propriety of a trial court's ruling on a motion to quash: "When considering a motion to quash, it is not sufficient to say the accused knew with what offense he was charged; rather, the question presented is whether the face of the instrument sets forth in plain and intelligible language sufficient information to enable the accused to prepare his defense." *Jeffers v. State,* 646 S.W.2d 185 (Tex.Cr.App.1981) (original opinion, modified on other ground on motion for rehearing).

**4.** In *Thompson v. State,* 697 S.W.2d 413 (Tex.Cr. App.1985), a fundamental error case, we held that where a defendant is indicted only as a party under V.T.C.A., Penal Code, Sec. 7.02(a)(2), the State must allege the culpable mental state proscribed by 7.02(a)(2): "intent to promote or assist the commission of the offense." Allegations pertaining to the mental state required for the commission of the underlying offense are not sufficient to state an offense against a defendant indicted only as a party. *Thompson,* 697 S.W.2d at 416. By the same token, allegations pertaining to the underlying offense may not be sufficient to provide a defendant the requisite notice upon which to prepare his defense when the defendant is indicted only as a party.

this exception regarding manner and means:

> One exception to the general rule occurs when the statutes define a term in such a way as to create several means of committing an offense, and the definition specifically concerns an act or omission on the part of the defendant. For example, in *Garcia*, 747 S.W.2d 379, this court held that when a defendant is charged with driving while intoxicated, he is entitled, upon timely request, to have the State specify upon which means of intoxication [under the statute] it will rely [ingestion of alcohol; a controlled substance; a drug; or a combination of alcohol, a controlled substance, and/or a drug].... Thus, if the applicability of one or more statutory alternatives hinges upon which of a group of acts a defendant committed, the alternative must be plead. If, however, the application of various alternatives are (sic) equally applicable to conduct that the defendant is alleged to have committed [here intoxication, which could be shown by loss of one's normal use of mental or physical faculties or by an alcohol concentration of 0.10 or more], the alternatives need not be plead.

> \*     \*     \*     \*     \*     \*

As explained above, a charging instrument must allege which statutory definition upon which it will rely, only when the alternative definitions create different ways in which the *defendant's conduct* could constitute an element of an offense. [Citations omitted.] Conversely, if the alternative statutory provisions do not address a *defendant's conduct* —instead addressing different avenues of proof—the State need not specifically plead one of the alternative provisions in the charging instrument. *Thomas*, 621 S.W.2d at 161.

*Solis*, 787 S.W.2d at 390 (emphasis in original).

The present case poses a slightly different situation in that the terms at issue are not statutorily defined. The cases wherein we have required more specificity as to terms not statutorily defined, however, similarly have been limited to those involving the manner and means of the acts or omissions of the defendant that constitute the proscribed conduct element of the offense charged. For example, in *Terry v. State*, 471 S.W.2d 848 (Tex.Crim.App.1971), the defendant was indicted for "caus[ing] to be placed on individual packages of cigarettes a counterfeit cigarette stamp." *Id.*, at 848. Although the indictment was valid without a copy of the counterfeit tax stamp *in haec verba*, the majority held:

> The indictment alleges the [defendant] placed and caused to be placed on individual packages of cigarettes a counterfeit cigarette tax stamp on October 29, 1964. Not only is there no definition of such a stamp present, there is no description of the stamp in question. There is nothing in the indictment to inform the accused of the *specific acts* he is alleged to have committed to commit this offense. It is only speculation and by looking outside the indictment that the accused can determine the *acts* with which he is charged.[5]

*Id.*, at 852 (emphasis supplied).

Similarly, *De Santiego v. State*, 146 Tex. Crim. 394, 176 S.W.2d 175 (Tex.Crim.App. 1943) involved the offense of doing business as an employment agent without first having obtained a license to engage in such business. Vernon's Ann.P.C. art. 1593a, § 16 provided:

> Whoever acts as an employment or labor agent or conducts an employment office in any county in this State without having first filed with the Commissioner of Labor Statistics of the State of Texas, an

---

5. The Court in *Terry* cites *Baker v. State*, 123 Tex.Crim. 209, 58 S.W.2d 534 (Tex.Crim.App. 1933), wherein it held "[i]t is the intent of the Constitution that the accused in the particular case be given information upon which he may prepare his defense. This information must come from the face of the indictment. Looking elsewhere is not demanded by law." *Id.*, 58 S.W.2d at 535 (indictment alleging possession of a "narcotic" did not give notice to prepare defense since defendant would be put to trial ignorant of the act upon which conviction was sought).

application for license as an employment or labor agent as provided by this Act ... shall be guilty of a misdemeanor.... [6]

The appellant complained that the trial court erred in overruling his motion to quash, and this Court held:

It will be noted that it was charged in the information ... that ... appellant ... did act as an employment or labor agent, etc., without stating any act which he did that would bring him within the scope or category of such employment agency. The averment that he acted as an employment or labor agent was but the statement of a conclusion and not a fact. *The pleader should have gone further and stated the act or acts which the accused did so that he would be apprised of the nature of the accusations against him, otherwise he would not know what he would be required to meet upon his trial.*

*De Santiego,* 176 S.W.2d at 176 (emphasis supplied).

More recent examples include *Cruise v. State,* 587 S.W.2d 403 (Tex.Cr.App.1979), reh'g denied, wherein the defendant was convicted of robbery by causing bodily injury pursuant to V.T.C.A.Penal Code, Sec. 29.02(a)(1). On appeal, he urged that the trial court erroneously overruled his motion to quash the indictment which complained that the indictment failed to allege the manner and means by which the defendant caused the bodily injury. This Court found that the trial court erred in overruling the motion to quash, stating:

We believe it unnecessary in our inquiry to go beyond the prescription of Article 21.03 V.A.C.C.P, that "everything should be stated in an indictment which is necessary to be proved." We fail to see in what manner the State might hope to prove to the jury beyond a reasonable doubt that appellant caused bodily injury to the complainant, without adducing facts that described the way in which he did so. This being the case, the trial

court committed reversible error in refusing to order the State to disclose such facts when confronted with appellant's motion to quash the indictment for the reasons stated ...

*Cruise,* 587 S.W.2d at 404.

In *Jeffers v. State,* 646 S.W.2d 185 (Tex. Cr.App.1981) (original opinion, modified on other grounds on motion for rehearing), the defendant was convicted of gambling promotion under V.T.C.A.Penal Code, Sec. 47.-03(a)(2). The indictment alleged that Jeffers did:

intentionally and knowingly receive a bet and offer to bet by RICHARD L. BENTON on a game, namely a professional football game ...

The defendant complained that the trial court committed error in overruling his motion to quash the indictment for failing to allege the manner and means whereby he received a bet and offer to bet. We upheld the defendant's contention, stating:

When considering a motion to quash, it is not sufficient to say that the accused knew with what offense he was charged, rather, the question presented is whether the face of the instrument sets forth in plain and intelligible language sufficient information to enable the accused to prepare his defense ...

.    .    .    .    .

The essence of each of the eight offenses, as alleged in the indictments, was appellant's act in receiving a bet and offer to bet by a named individual. The indictment failed to specify the manner by which appellant received the bets and offers to bet. Such items could have been received a number of ways including: in person, through a third party, over the telephone, at a drop or through the mail. We fail to see in what manner the State sought to prove beyond a reasonable doubt that appellant received bets and offers to bet by an individual,

---

**6.** The Penal Code did not define what constituted "acting as an employment or labor agent" or "conducting an employment office."

without adducing facts which described how the receipt took place ...

*Jeffers,* 646 S.W.2d at 187–188.

In *Doyle v. State,* 661 S.W.2d 726, 729 (Tex.Cr.App.1983), reh'g denied, the defendant was convicted of retaliation, V.T.C.A. Penal Code, Sec. 36.06(a), on an indictment which charged that Doyle did unlawfully:

intentionally and knowingly threaten to harm another person, namely: Dan Gibbs, by an unlawful act in retaliation for and on account of the service of the said Dan Gibbs as a public servant, in that the said defendant threatened to kill the said Dan Gibbs on account of the services of the said Dan Gibbs as a judge in a prior lawsuit in which the defendant was a party.

The defendant maintained that the trial court erred in overruling his motion to quash the indictment for failing to allege the manner and means by which he threatened the named public servant. Citing *Jeffers* as controlling, we found error in the trial court's ruling and stated:

The indictment did state the nature of the threat made and the name of the public servant threatened. But like the indictment in Jeffers the indictment here did not specify the manner or means whereby the offense was committed. Appellant's alleged threat could have been conveyed in a number of ways, including: face to face in person, over the phone directly, through a third party, or through the mail. In fact, at trial it was established that the threat against Judge Gibbs was made to Officer Pruitt. Nothing whatsoever in the indictment suggested as much.

We fail to see in what manner the State could have proved that a threat to harm Judge Gibbs was made without adducing facts which described how and to whom the threat was made.

*Doyle,* 661 S.W.2d at 730.

In each of the above cases, the term *complained of was not statutorily defined,* yet because it pertained to the acts of the defendant that constituted the offense charged, we required the State to plead specific facts as to manner and means.

I fail to see any difference in the present case and the cases above, except for the distinction between allegations of guilt as a primary actor versus a party, as previously discussed. The terms "solicit", "encourage", "direct", "aid", and "attempt to aid" are not statutorily defined, yet they pertain to the acts or omissions of the appellant. There are numerous ways in which the State could attempt to prove that appellant solicited, encouraged, directed, aided, or attempted to aid Widmer in the commission of the underlying offense. Where, as here, the State *chooses* to indict under the law of parties, it must be bound by the same rules of specificity of indictments as in any other allegation. In the face of a timely motion to quash, appellant was entitled to notice as to the specific facts showing the manner and means of the acts alleged by the State.

I would hold that the court of appeals erred in upholding the trial court's ruling on appellant's motion to quash the indictment. However, a conviction will not be reversed simply because a ruling on a pretrial motion to quash is erroneous. In *Adams,* 707 S.W.2d 900, we established that in reviewing whether a defendant had adequate notice upon which to prepare his defense:

The first step in answering this question is to decide whether the charging instrument failed to convey some requisite item of "notice". If sufficient notice is given, this ends our inquiry. If not, the next step is to decide whether, in the context of the case, this had an impact on the defendant's ability to prepare a defense, and finally, how great an impact.

*Adams,* 707 S.W.2d at 903.

Since, in my view, the charging instrument in the instant case failed to convey a requisite item of notice, the first step of the analysis under *Adams* has been addressed in this opinion. Therefore, though I would reverse the judgment of the court of appeals, I would also remand this case to that court with instructions to abate the appeal and remand this case to the trial court to afford appellant the opportunity to

demonstrate allegations of harm pursuant to the *Adams* analysis[7], and for further proceedings not inconsistent with this opinion. Because the majority does not follow this course of action, I dissent.

TEAGUE, J., joins.

---

7. In *Janecka v. State*, 739 S.W.2d 813 (Tex.Cr. App.1987), on motion for rehearing, we held that a motion to quash for failure to provide adequate notice was erroneously denied, but because the appellant in *Janecka* was tried before *Adams* was decided, a hearing before the trial court was required so that he could fully demonstrate allegations of harm. In the present case, appellant was tried in 1985, almost one year before the decision in *Adams*. Accordingly, we remand to the trial court for the same reasons.