PD-1636-14
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 2/17/2015 3:03:31 PM
Accepted 2/19/2015 11:21:46 AM
ABEL ACOSTA
CLERK

No. PD-1636-14

# In the Court of Criminal Appeals of Texas

WALTER DEMOND,
Petitioner,

v.

THE STATE OF TEXAS,
Respondent.

On Petition for Discretionary Review from the
Third Court of Appeals at Austin, Texas
Case No. 03-11-00533-CR

**RESPONSE TO CROSS-PETITION FOR DISCRETIONARY REVIEW**

FILED IN
COURT OF CRIMINAL APPEALS

February 19, 2015

ABEL ACOSTA, CLERK

James C. Ho
  State Bar No. 24052766
Prerak Shah
  State Bar No. 24075053
GIBSON, DUNN & CRUTCHER LLP
2100 McKinney Avenue, Suite 1100
Dallas, TX  75201-6912
Tel.:  (214) 698-3264
Fax:  (214) 571-2917
jho@gibsondunn.com
pshah@gibsondunn.com

COUNSEL FOR PETITIONER

TABLE OF CONTENTS

Index of Authorities ............................................................................ iii

Argument ............................................................................................ 2

I. The Third Court correctly held that the evidence against Demond is not legally sufficient to support the theft conviction. ....................................................................................... 4

    A. The Third Court reversed the theft by deception conviction because the evidence is insufficient to prove that the PEC's judgment had been affected by Demond's alleged deceptive intent ................................... 5

    B. The Third Court applied the proper legal standard for a sufficiency of the evidence challenge ......................................... 7

II. The law of parties does not apply to Demond's theft conviction. ..................................................................................... 10

Prayer for Relief ............................................................................... 13

Certificate of Compliance ................................................................. 15

Proof of Service ................................................................................ 15

# INDEX OF AUTHORITIES

## Cases

*Brooks v. State*,
323 S.W.3d 893 (Tex. Crim. App. 2010) ................................................................ 7, 9

*Demond v. State*,
2014 WL 6612510 (Tex. App.—Austin Nov. 21, 2014, pet. filed) ...................... passim

*Ehrhardt v. State*,
334 S.W.3d 849 (Tex. App.—Texarkana 2011, pet. ref'd) ........................................ 6, 7

*King v. State*,
17 S.W.3d 7 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd) ........................... 5, 12

*Ragan v. State*,
2000 WL 1676060 (Tex. App.—Houston [14th Dist.] Nov. 9, 2000, pet. ref'd) ..... 5, 12

*Roberts v. State*,
319 S.W.3d 37 (Tex. App.—San Antonio 2010, pet. ref'd) ................................. 5, 6, 12

*Swope v. State*,
805 S.W.2d 442 (Tex. Crim. App. 1991) ................................................................... 12

## Statutes

TEX. PENAL CODE § 31.01(1) ...................................................................................... 4, 5

TEX. PENAL CODE § 31.01(3) ................................................................................. 4, 5, 11

TEX. PENAL CODE § 31.01(C) ........................................................................................ 5

TEX. PENAL CODE § 31.03(b) ................................................................................. 4, 5, 11

TEX. PENAL CODE § 7.01(a) .................................................................................... 10, 11

TEX. PENAL CODE § 7.02(a) ........................................................................................ 11

**TO THE HONORABLE COURT OF CRIMINAL APPEALS OF TEXAS:**

The State's Cross-Petition for Discretionary Review confirms that this case merits this Court's review. The prosecution of Walter Demond was not only fatally flawed from the start, it also raised a host of novel legal theories that strike at the heart of the relationship between Texas businesses and their outside lawyers. The only question now is which issues merit this Court's attention.

There is no need for this Court to review the reversal of Demond's theft by deception conviction. The Third Court correctly recognized that Demond could not, as a matter of law, be convicted of that crime on the evidence the State presented to the jury. That holding is not only correct—it is a case-specific conclusion that has little impact on any area of law or business.

By contrast, the Third Court's decision to affirm Demond's convictions for misapplication of fiduciary funds and money laundering is not only incorrect—it fundamentally alters the law in a way that risks criminalizing a lawyer's decision to rely on the business judgment of a company's highest executive. That is the portion of the Third Court's ruling that calls out for this Court's review.

Demond never committed any crime. The State's Cross-Petition, which wrongly asks this Court to reinstate Demond's theft conviction, should be denied.

1

# ARGUMENT

Walter Demond, a partner and the head of the energy practice at the Austin law firm Clark, Thomas & Winters, PC, advised the Pedernales Electric Cooperative ("PEC") for three decades. During that time, Demond worked at the direction of PEC's general manager, Bennie Fuelberg. Crucially, as general manager, Fuelberg had the authority to hire whomever he wanted.

But even though everyone agrees that Fuelberg had unfettered discretion as general manager to hire outside consultants and lawyers, the State brought criminal charges against Fuelberg after it learned that he had hired the son of a PEC board member (William Price) to provide legal advice under a retainer agreement and hired his brother (Curtis Fuelberg) to consult on legislative matters. The State claimed these engagements were illegal because Fuelberg concealed them from some PEC employees.

Compounding its error, the State also prosecuted Demond for acting on Fuelberg's instructions regarding those transactions—actions Demond never even suspected were criminal.

Relevant here, the State convicted Demond of theft by deception. The Third Court properly reversed that conviction. *Demond v. State*, 2014 WL 6612510, at *14 (Tex. App.—Austin Nov. 21, 2014, pet. filed). But the State now wants Demond's theft conviction reinstated.

2

In its Cross-Petition, the State argues that the court of appeals erred in reversing the conviction, because (1) the evidence is sufficient to affirm the conviction for theft by deception; and (2) alternatively, the law of parties doctrine can support the conviction.

Neither argument is correct. The court of appeals correctly applied the law in concluding that the evidence the State presented to the jury is insufficient to affirm the conviction. The court did not misapply the standard of review or minimize any of the State's evidence—rather, it simply concluded that the evidence the State presented could not prove an element of the crime. The court also correctly concluded that the law of parties did not apply to this case, because *no one* committed any crime for which Demond could be held accountable under the law of parties.

In sum, the court of appeals reviewed the evidence in the light most favorable to the verdict and correctly concluded that no rational trier of fact could have found all of the elements of theft by deception beyond a reasonable doubt. Accordingly, the Third Court properly reversed the theft conviction.

Moreover, the decision to reverse the theft conviction was not only correct, it was based purely on the facts of this case—not on any disagreement with any case or legal standard. Thus, there is no need to grant review on this issue.

**I.** **The Third Court correctly held that the evidence against Demond is not legally sufficient to support the theft conviction.**

The Third Court correctly applied the law when it reversed the theft conviction. To establish that Demond committed theft by deception, the State had to prove beyond a reasonable doubt that the PEC's consent to pay Curtis and Price was ineffective because it was induced by deception. TEX. PENAL CODE §§ 31.01(3), 31.03(b)(1). In pertinent part, "deception" means "creating or confirming by words or conduct a false impression of law or fact that is likely to *affect the judgment* of another in the transaction, and that the actor does not believe to be true," or "preventing another from acquiring information likely to *affect his judgment* in the transaction." *Id.* § 31.01(1)(A), (C) (emphasis added).

Based on this definition, the court of appeals held that the State failed to prove beyond a reasonable doubt that Demond committed the crime. *Demond*, 2014 WL 6612510, at \*14. Specifically, the court concluded that there is insufficient evidence to establish that, had it known its funds were being paid to Curtis and Price, the PEC would have reined in or revoked Fuelberg's authority to hire outside consultants. *Id.* at \*13. In other words, the evidence did not establish that knowing about the engagements would have *affected the PEC's judgment*. *Id.*

The State contends that the Third Court minimized the value of the circumstantial evidence against Demond and accordingly set an "impossibly high bar for prosecutors to meet." CPDR 8.

4

But these concerns are utterly unfounded. First, the issue in Demond's case is uniquely difficult to prove without direct testimony, so the failure to affirm the conviction based on circumstantial evidence is not surprising. And, second, the Third Court hardly "minimized" the significance of certain testimony.

**A.    The Third Court reversed the theft by deception conviction because the evidence is insufficient to prove that the PEC's judgment had been affected by Demond's alleged deceptive intent.**

To commit theft by deception, a guilty party's intent to deceive must affect his victim's judgment. TEX. PENAL CODE §§ 31.01(1)(A), 31.01(C), 31.01(3), 31.03(b)(1). But whether the victim's judgment was affected by the defendant's deceit is rarely at issue on appeal. Rather, in almost every single case, appellate courts have been tasked with deciding only whether the defendant had the requisite intent to deceive. *See, e.g.*, *Roberts v. State*, 319 S.W.3d 37 (Tex. App.—San Antonio 2010, pet. ref'd); *Ragan v. State*, 2000 WL 1676060 (Tex. App.—Houston [14th Dist.] Nov. 9, 2000, pet. ref'd); *King v. State*, 17 S.W.3d 7 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd). And courts sometimes look to circumstantial evidence to establish this element.

The State is concerned that the decision below, if left to stand, will disturb this long-standing practice. But in its rush to condemn the Third Court's mere reversal of a conviction in this case, the State ignores that the court of appeals actually *did*, rightly or wrongly, presume that Demond had an intent to deceive—

and did so based on circumstantial evidence. *Demond*, 2014 WL 6612510, at \*13. Thus, the decision below does not, as the State claims, make it impossible for prosecutors to rely on circumstantial evidence to establish the requisite intent in theft by deception cases—because that is not an issue in this case.

Instead, the court of appeals in this case actually dealt with a completely different issue: whether the PEC's *judgment was affected* by Fuelberg's and Demond's deceit. The court concluded that the circumstantial evidence in this case on that element is insufficient to support the theft by deception conviction.

There is nothing novel about that conclusion. Other Texas courts have similarly found that circumstantial evidence can be insufficient to establish that the victim's judgment was affected.

In *Roberts*, for example, the court was satisfied that the defendant's deceit had induced the victim to act only because the victim had testified to that effect. 319 S.W.3d at 42-43.

In *Ehrhardt v. State*, the defendant contractually agreed to repair a homeowner's damaged house. 334 S.W.3d 849, 858 (Tex. App.—Texarkana 2011, pet. ref'd). When the defendant left the job incomplete, the homeowner filed criminal charges, alleging that the defendant provided her with a fraudulent accounting prior to her final payment. *Id.* at 853. The defendant was convicted of theft by deception, but the court of appeals reversed. *Id.* at 860. The court had no

trouble inferring the defendant's intent to deceive from circumstantial evidence. *Id.* at 857. But the court concluded the evidence is insufficient to establish that the deception actually affected the homeowner's judgment. *Id.* The court relied on the fact that the homeowner had never testified that the deception induced her last payment. *Id.* at 858. In other words, circumstantial evidence established the defendant's intent—but was inadequate to prove that the victim's judgment had been affected by the deceit.

That is precisely what the Third Court did here: the State had insufficient evidence demonstrating that the PEC's judgment was affected by any alleged intent to deceive. That holding was not novel, and—contrary to the State's Cross-Petition—will not create any unnecessary hurdles for prosecutors.

**B.** **The Third Court applied the proper legal standard for a sufficiency of the evidence challenge.**

The State argues that the court of appeals improperly "minimized" the significance of certain testimony. CPDR 5. In fact, the Third Court correctly applied the standard for a legal sufficiency challenge. The court reviewed the evidence in the light most favorable to the verdict and determined whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Demond*, 2014 WL 6612510, at *4 (citing *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010)). In its review, the court analyzed the

testimony of the PEC's assistant general manager, as well as current and former PEC directors—and it did so in the light most favorable to the verdict.

The State's contention otherwise is baseless. The court narrowed in on every single statement in the trial transcript that indicated that Fuelberg's or Demond's deceit could have affected the PEC's judgment. It extracted the assistant general manager's testimony that "all hell would have broken loose" if PEC employees learned that Curtis was being paid as an outside consultant. *Demond*, 2014 WL 6612510, at *13. And it recognized that current and former PEC directors stated they would like to have known that Curtis and Price were being paid with PEC funds. *Id.* The court even quoted one former director as testifying he was "pretty hot when he found out" that Fuelberg and Demond concealed Curtis's and Price's employment. *Id.*

Thus, contrary to the State's argument, the court below demonstrated a complete willingness to consider *only* the evidence supporting the jury's verdict. Indeed, the court managed to highlight the most negative statements from the record, to the exclusion of the plentiful positive testimony—such as the assistant general manager's testimony that "I don't think I would have took it to the board," a director's testimony that he never told Fuelberg it would be inappropriate for him to hire his brother, another director's testimony that being told about the Curtis and

8

Price engagement would have been a mere "courtesy," and more. 11.RR.35; 12.RR.16; 13.RR.42.

The State, however, takes issue with the fact that the Third Court's opinion only explicitly referenced the testimony of three directors who testified that they would have wanted to know about the arrangements, as opposed to five directors who testified similarly. CPDR 6 n.3. But it is unclear why the State believes referencing three directors instead of five matters.

"Legal sufficiency of the evidence is a test of adequacy, not mere quantity." *Brooks*, 323 S.W.3d at 917 (Cochran, J., concurring). In other words, "[l]egal sufficiency in criminal cases is judged by the quality, not the quantity, of evidence." *Id* (emphasis omitted).

Here, it is inconsequential that either three or five directors *wished* they would have been in the loop regarding the Curtis and Price engagements—indeed, it would not matter if all seven directors had testified to that effect—because that evidence is inadequate.

The fact that the directors wished that Fuelberg had told them that he hired the outside consultants—being "hot" that he failed to inform them, even—is not the same as concluding that the PEC would not have paid for Curtis or Price if the directors had known, which is what the State needed to prove here. And the evidence in this case cannot bridge that gap—the State simply cannot prove that

9

the PEC would have taken the unprecedented action of revoking Fuelberg's authority to hire outside consultants. Therefore, the evidence does not establish beyond a reasonable doubt one of the essential elements of the offense: that the deceit affected the PEC's judgment.

The court of appeals correctly recognized this evidentiary gap. *Demond*, 2014 WL 6612510, at *13 ("[T]he jury would have had to make some inferences about the PEC board's potential reaction to the deception."). The State's contention that the court below diminished the importance of certain testimony, or applied the wrong standard of review, is incorrect. The Third Court merely refused to accept the unacceptable leap in reasoning that the State needed in order to affirm the theft by deception conviction.

## II. The law of parties does not apply to Demond's theft conviction.

The State also argues that Demond's conviction should have been affirmed under the law of parties doctrine. This too is wrong.

Under the law of parties, "[a] person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both." TEX. PENAL CODE § 7.01(a). "A person is criminally responsible for an offense committed by the conduct of another if . . . acting with intent to promote or assist the commission of

10

the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense." *Id.* § 7.02(a)(2).

Crucially, a crime must have been committed for the law of parties doctrine to come into play. *See id.* § 7.01(a) ("A person is criminally responsible as a party to an offense *if the offense is committed* . . . ." (emphasis added)).

But as the Third Court's opinion makes clear, no crime was committed here—by either Demond *or Fuelberg*. *Demond*, 2014 WL 6612510, at *14. Inducement is an explicit element of theft by deception. TEX. PENAL CODE §§ 31.01(3)(A), 31.03(b)(1). The court below concluded that "the evidence is insufficient to support a finding that either Demond's *or Fuelberg's* deception induced the PEC to make payments it otherwise would not have made." *Demond*, 2014 WL 6612510, at *14 (emphasis added). Accordingly, Demond could not have been held liable for theft by deception based on Fuelberg's deceptive act, as the State proposes, because Fuelberg's deceptive act did not induce the PEC's action either. *See id.*

The State attempts to manufacture a circuit split by arguing that multiple courts have upheld theft by deception convictions under the law of parties. CPDR 9. That is obviously true—but the cases the State cites are those where the court found that an underlying offense was actually committed. *See Swope v. State*, 805

11

S.W.2d 442, 445 (Tex. Crim. App. 1991); *Roberts*, 319 S.W.3d at 50; *Ragan*, 2000 WL 1676060, at *4-5; *King*, 17 S.W.3d at 14-15.

No one quarrels with that case law, least of all the Third Court. The court below was not confused about whether the law of parties *could* apply to theft by deception. It simply concluded that it *did not* apply in this case, because no crime occurred at all—*neither* Fuelberg's nor Demond's deception induced the PEC to pay Curtis's and Price's salaries. *Demond*, 2014 WL 6612510, at *14.

* * *

The State's decision to file a Cross-Petition reveals an important truth: this is, without a doubt, a significant case. Right or wrong, the decision issued by the Third Court will impact prosecutorial and business decisions across Texas.

But, curiously, the issue that the State decides to hang its hat on—the reversal of the theft by deception conviction—is the least important issue of all, given the purpose of this Court. At its core, the State's Cross-Petition is an argument about evidentiary sufficiency on appeal. The State thought it put on enough evidence to maintain its conviction. The Third Court disagreed. That's it.

To be sure, the State dresses its Cross-Petition up in the language of grave legal error—but that is not what actually happened. The State writes of the differences between direct testimony and circumstantial evidence, and the opinion's impact on evidentiary standards, all in an attempt to make it seem like

12

the Third Court demanded too much to sustain a conviction. But simply reading the opinion disabuses that thinking: the Third Court did not raise the evidentiary bar, it simply decided that the evidence the State presented did not meet it. That determination was not only correct, it does not have the type of sweeping consequences that merit this Court's review.

The principal Petition for Review in this case, by contrast, is not about mere evidentiary sufficiency on appeal. It concerns important questions of law on whether this case should have gone to a jury in the first place—and the consequences the prosecution of Walter Demond will have on not only the law of this State, but also the legal and business communities. Those are issues worthy of this Court's attention.

## PRAYER FOR RELIEF

For the foregoing reasons, the Third Court correctly reversed Walter Demond's conviction for theft by deception. As significant as the issues in this case are generally, there is no reason to revisit that case-specific conclusion. The State's Cross-Petition for Discretionary Review should accordingly be denied.

DATED:  February 17, 2015          Respectfully submitted,


 /s/ *James C. Ho*
James C. Ho
   State Bar No. 24052766
Prerak Shah
   State Bar No. 24075053
GIBSON, DUNN & CRUTCHER LLP
2100 McKinney Avenue, Suite 1100
Dallas, TX  75201-6912
Tel.:  (214) 698-3264
Fax:  (214) 571-2917
*jho@gibsondunn.com*
*pshah@gibsondunn.com*

COUNSEL FOR PETITIONER

**CERTIFICATE OF COMPLIANCE**

In compliance with Texas Rule of Appellate Procedure 9.4(i)(2)(D), this brief contains 2,957 words, excluding the portions of the brief exempted by Rule 9.4(i)(1).


      /s/ *James C. Ho*
      James C. Ho

**PROOF OF SERVICE**

I certify that on February 17, 2015, a true and correct copy of this motion was served on the following counsel of record via electronic mail:

Dustin Howell
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548 (MC 059)
Austin, Texas 78711-2548
dustin.howell@texasattorneygeneral.gov

Lisa C. McMinn
STATE PROSECUTING ATTORNEY
P.O. Box 13406
Austin, Texas 78711-3046
*lisa.mcminn@spa.texas.gov*


      /s/ *James C. Ho*
      James C. Ho