## NO. 12-17-00350-CR

## IN THE COURT OF APPEALS

## TWELFTH COURT OF APPEALS DISTRICT

## TYLER, TEXAS

| | | |
|---|---|---|
| *GREGORY CONANT SHARP,* *APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

A jury convicted Gregory Conant Sharp of the state jail felony of theft. In his first of two issues, Appellant contends that the evidence is insufficient to support the verdict, because there is no evidence that he committed theft by *deception*, the means alleged in the indictment. The State agrees that there is no proof of this essential element. We reverse the judgment of the trial court and render judgment acquitting Appellant.

### BACKGROUND

On January 19, 2017, Appellant was a customer at the Lindale Wal-Mart Store. Appellant selected a cell phone case, discarded the cell phone case packaging, and installed the case on his phone. While in the store, he also placed a pair of gloves in his pocket. He paid the cashier for some other items, but did not pay for the cell phone cover or the gloves, which remained concealed in his pocket.

Walmart asset protection employees, Breanna Brown and Ryan Burgess, monitored Appellant throughout the store. They saw him take the cell phone case and slip the gloves into his pocket. The cashier who scanned Appellant's purchases was aware of what occurred.

At the conclusion of trial, the jury found Appellant "guilty" of theft of property in an amount less than $2,500. Appellant pleaded "true" to two enhancement allegations and the jury

assessed his sentence at imprisonment for twenty years. However, the trial court subsequently granted Appellant's motion for a new punishment trial. Appellant and the State entered an agreed punishment recommendation of confinement for sixteen months in a state jail facility, which the trial court approved. This appeal followed.

## SUFFICIENCY OF THE EVIDENCE

In his first issue, Appellant challenges the sufficiency of the evidence to find him guilty of theft by deception as alleged in the indictment.

### Standard of Review

The standard for reviewing a legal sufficiency challenge is whether, considering all the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). Considering the evidence "in the light most favorable to the verdict" requires the reviewing court to defer to the jury's credibility and weight determinations because the jury is the sole judge of the witnesses' credibility and the weight to be given their testimony. *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Brooks*, 323 S.W.3d at 899.

Circumstantial evidence is as probative a direct evidence in establishing the guilt of an actor. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). "[T]he standard of review on appeal is the same for both direct and circumstantial evidence cases." *Guevara v. State*, 152 S.W.3d 45, 49 (Tex. Crim. App. 2004). An appellate court presumes that the factfinder resolved any conflicting inferences in favor of the verdict and defers to that resolution. *Clayton*, 235 S.W.3d at 778.

To determine what "the essential elements of the crime" are, a reviewing court looks to the hypothetically correct jury charge for the case. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). A hypothetically correct jury charge accurately sets out the law, *is authorized by the indictment*, does not unnecessarily increase the State's burden of proof of unnecessarily restrict its theories of liability and adequately describes the offense for which the defendant was tried. *Id*. When the State unnecessarily pleads a statutory definition that narrows the manner and means in which the offense is alleged to have been committed, that definition is "the law as

authorized by the indictment" and thus the allegation must be proven beyond a reasonable doubt. *Geick v. State*, 349 S.W.3d 542, 548 (Tex. Crim. App. 2011).

**Applicable Law**

A person commits theft if he unlawfully appropriates property with intent to deprive the owner of property. TEX. PENAL CODE ANN. § 31.03(a) (West Supp. 2017). Appropriation is unlawful if it is without effective consent. *Id*. § 31.03(b)(1). As relevant to this case, consent is not effective if induced by deception. *Id*. § 31.01(3)(A) (West Supp. 2017). Deception means, in pertinent part:

> (A) creating or confirming by words or conduct a false impression of law or fact that is likely to affect the judgment of another in the transaction, and that the actor does not believe to be true;
>
> (B) failing to correct a false impression of law or fact that is likely to affect the judgment of another in the transaction, that the actor previously created or confirmed by words or conduct, and that the actor does not now believe to be true;
>
> (C) preventing another from acquiring information likely to affect his judgment in the transaction;
>
> . . .
>
> (E) promising performance that is likely to affect the judgment of another in the transaction and that the actor does not intend to perform or knows will not be performed, except that failure to perform the promise in issue without other evidence of intent or knowledge is not sufficient proof that the actor did not intend to perform or knew the promise would not be performed.

*Id*. § 31.01(1). "[T]heft by deception does not occur if the alleged victim hands over property or consents to the defendant taking possession knowing that the defendant's representations are not true." *Rushing v. State*, 141 S.W.3d 739, 743 (Tex. App.—El Paso 2004, no pet.) (citing *Swope v. State*, 723 S.W.2d 216, 223 (Tex. App.—Austin 1986), *aff'd*, 805 S.W.2d 442 (Tex. Crim. App. 1991)). In 2013, the court of criminal appeals held that theft of service by deception requires proving (1) the defendant's intent to deceive; (2) an act that is likely to affect the judgment of another; and (3) the victim's actual reliance on the deception. *See Daugherty v. State*, 387 S.W.3d 654, 659 (Tex. Crim. App. 2013).

**Discussion**

Appellant maintains, and the State agrees, that there is no evidence to sustain the State's allegation that Appellant committed theft by deception. Appellant was under observation by Ryan Burgess, a Walmart asset protection employee, from the time he first entered the store.

Burgess and his supervisor, Breanna Brown, testified that they monitored Appellant the entire time until he left the cashier in the automotive department without paying for the cell phone cover or the gloves. The record shows that the cashier who scanned Appellant's purchases was aware of the situation and knew asset protection had been watching Appellant. Therefore, there is no evidence that the victim relied on the deception. An essential element of theft of service by deception is the victim's reliance on the deception. *Daugherty*, 387 S.W.3d at 659; *Rushing*, 141 S.W.3d at 743.

Accordingly, viewing the evidence in the light most favorable to the jury's verdict, we conclude that a rational trier of fact could not have found the essential elements of theft by deception beyond a reasonable doubt. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *see also Brooks*, 323 S.W.3d at 899. Appellant's first issue is sustained.[1]

## DISPOSITION

We *reverse* Appellant's conviction and *render* a judgment of *acquittal*.

**BILL BASS**
Justice

Opinion delivered September 10, 2018.
*Panel consisted of Worthen, C.J., Neeley, J., and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*

(DO NOT PUBLISH)

---

[1] Given our disposition of Appellant's first issue, we need not address his second issue, in which he challenges the absence of a lesser included offense instruction in the jury charge. *See* TEX. R. APP. P. 47.1.

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

### SEPTEMBER 10, 2018

### NO. 12-17-00350-CR

**GREGORY CONANT SHARP,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court
of Smith County, Texas (Tr.Ct.No. 007-0542-17)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, because it is the opinion of this Court that there was error in the judgment, it is ORDERED, ADJUDGED and DECREED by the Court that the judgment of the trial court be **reversed** and a judgment of **acquittal** be, and the same is, hereby **rendered** herein in accordance with the opinion of this Court; and that this decision be certified to the court below for observance.

Bill Bass, Justice.
*Panel consisted of Worthen, C.J., Neeley, J. and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*