Charles E. MOORE, Appellant,

v.

STATE of Texas, Appellee.

No. B14–82–541–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

July 7, 1983.

M. Christa Jones, Houston, for appellant.

Robert Richard Mason, Houston, for appellee.

Before PRESLER, ROBERTSON and CANNON, JJ.

## OPINION

CANNON, Justice.

Charles Earl Moore appeals his jury conviction for felony theft. A prior conviction enhanced his punishment to five years. We affirm.

The district investigator for a Target Store, McCain, observed Moore standing by a display of ceiling fans. Moore picked up a fan and proceeded to the customer service desk. Moore failed to produce a sales slip and, in accordance with store policy, Thurman, the customer service counter clerk, called the store manager by telephone. The store manager proceeded to the service desk and instructed Thurman to give Moore the refund that he was seeking. Moore put the cash refund in his pocket.

While still in the store, McCain and the security manager approached Moore and escorted him to the security office. Inside the security office, Moore returned the two hundred ten dollars and ninety four cents ($210.94) he had obtained from the refund. Moore did not testify at the trial nor did he present any evidence in his behalf.

■ In the first, second, third and fourth grounds of error, the appellant attacks the indictment and contends (1) that the indictment was fundamentally defective for failure to allege all elements of one of the methods of committing felony theft; (2) that the indictment is fundamentally defective for failure to allege by which manner or means appellant appropriated property; (3) that the indictment is fundamentally defective for failure to allege by which manner or means the appellant intended to deprive the owner of its property; and (4) that the indictment was fundamentally defective for failure to allege the value of the property appropriated. An indictment must allege facts sufficient to give a defendant notice of precisely the offense that he is charged. TEX.CODE CRIM.PROC. ANN. art. 21.11 (Vernon 1966). Unless a fact is essential for notice to the defendant, the indictment need not plead the evidence relied on by the State. *Phillips v. State,* 597 S.W.2d 929 (Tex.Cr.App.1981).

■ The indictment alleged, in pertinent part, that appellant did unlawfully:

appropriate property, namely, cash money, owned by Terry Thurman, a person having a greater right to possession of the property than the Defendant and hereafter styled the Complainant, of the value of over two hundred dollars and under ten thousand dollars, with the intent to deprive the Complainant of the property, and without the effective consent of the Complainant, namely, without any consent of any kind.

TEX.PENAL CODE ANN. § 31.03 (Vernon Supp.1982–1983), in pertinent part, provides:

(a) A person commits an offense if he unlawfully appropriates property with intent to deprive the owner of property.

(b) Appropriation of property is unlawful if:

(1) it is without the owner's effective consent; . . . .

The present indictment tracks the language of the statute and is legally sufficient and provided the appellant with notice of the charged offense. *May v. State,* 618 S.W.2d 333 (Tex.Cr.App.1983). Ground of error one is overruled.

■ In support of his contentions in ground of error two and three, the appellant argues the holding in *Ferguson v. State,* 622 S.W.2d 846 (Tex.Cr.App.1981). In *Ferguson,* the court determined that the word "deliver" should be specified upon a motion to quash, even though the word

"deliver" was defined by statute. Yet this same case also applies the subjective test of whether the word in question adequately notifies the defendant of the charges against him. Applying this reasoning, we find that the word "appropriate" is defined in TEX.PENAL CODE ANN. § 31.01(5)(A) and (B) (Vernon Supp.1982–1983), and we reason that the word "appropriate" is not vague or ambiguous and provided sufficient notice of the offense charged. Grounds of error two and three are overruled.

In review of the fourth ground of error, we find that the indictment alleges appellant appropriated cash money of the value of over two hundred dollars and under ten thousand dollars. This allegation is sufficient to put appellant on notice as to the value of the property allegedly appropriated. *Rovinsky v. State,* 605 S.W.2d 578 (Tex.Cr.App.1980). We overrule ground of error number four.

In grounds of error five and six, appellant maintains that the evidence is insufficient to prove "ownership" in the complainant. The State proved "ownership" of the property taken to be in Terry Thurman, an employee of the corporation. Thurman had the actual cash, and custody, control and management of cash money at her duty station. Cash money before it was refunded was in her possession, and alleging ownership in a person acting on behalf of a corporation satisfies the definition of "owner" as defined in TEX.PENAL CODE ANN. § 1.07(a)(24) (Vernon 1974), as Thurman had a greater right to possession of the property than the appellant. *Compton v. State,* 607 S.W.2d 246 (Tex.Cr.App.1980), *cert. denied,* 450 U.S. 997, 101 S.Ct. 1701, 68 L.Ed.2d 197 (1981). Grounds of error five and six are overruled.

In his seventh and eighth grounds of error, appellant challenges the sufficiency of the evidence, contending that the State failed to prove lack of "effective consent" in the complainant. The evidence shows that Thurman issued the cash to appellant after she was told to do so by the store manager. This does not mean that the cash

was given with Thurman's "effective consent", considering the definition set out in TEX.PENAL CODE ANN. § 31.01(4)(D) (Vernon 1974), as the refund was given solely to detect the commission of an offense. Grounds of error seven and eight are overruled.

Appellant contends in his ninth ground of error that the evidence was insufficient to show "intent" to commit theft as alleged in the indictment. When sufficiency of the evidence to support a verdict is challenged, the appellate court will review the evidence in the light most favorable to the verdict. The jury verdict will be sustained if any evidence, if believed, shows the guilt of the accused. *Banks v. State,* 510 S.W.2d 592 (Tex.Cr.App.1974). The evidence establishes that the appellant picked up a ceiling fan from the floor of the store, took it to the service desk, obtained a cash refund, and placed the cash in his pocket. This evidence is sufficient to sustain a conviction of theft.

TEX.PENAL CODE ANN. § 6.03(a) (Vernon 1974) defines "intent" as follows:

A person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result.

In viewing the totality of the circumstances, the evidence establishes that appellant exercised control over the cash refund with intent to deprive the owner of its property. Specific intent can be inferred from the circumstances. *Coronado v. State,* 508 S.W.2d 373 (Tex.Cr.App.1974). Ground nine is overruled.

In his tenth ground of error, the contention is made that the charge to the jury does not conform to the indictment and allowed a conviction on a theory not alleged in the indictment and thereby caused fundamental error. The indictment alleges, in part, that the appellant did "*unlawfully* appropriate property, namely, cash money, owned by Terry Thurman, ... without the effective consent...." By comparison, the jury charge omits "unlawfully". It is apparent that appellant is con-

fusing "unlawfully" under TEX.PENAL CODE ANN. § 31.03 (Vernon Supp.1982–1983), and "unlawfully" under TEX.PENAL CODE ANN. § 1.07 (Vernon 1974). Like this indictment, all indictments must allege that an offense is "unlawful", to wit: without justification or privilege as stated in § 1.07. This term imposes no more duty upon the state than to disprove any defense raised beyond a reasonable doubt, as such, it is not an element of the offense and its absence in the charge is not error. Conversely, an appropriation is "unlawful" if "it is without the owner's effective consent", as set forth in § 31.03. This allegation is an essential element of theft and was properly alleged and charged in this case. Appellant's ground of error challenges the jury charge for failing to include "unlawful" as defined in § 31.03, but his specific assertion involves "unlawful" as defined in § 1.07. Therefore, there is no error, fundamental or otherwise, in omitting it. Ground of error ten is overruled.

The judgment of the trial court is affirmed.