Kevin SMITH, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–88–00305–CR.

Court of Appeals of Texas,
Houston (1st. Dist.).

Feb. 9, 1989.

Steven R. Rosen, Houston, for appellant.

John B. Holmes and John F. Carroll, Houston, for appellee.

Before EVANS, C.J., and O'CONNOR and DUGGAN, JJ.

OPINION

O'CONNOR, Justice.

A jury found appellant guilty of theft of property valued at over $750 and under $20,000, and assessed punishment at three years confinement plus a $2,500 fine.

In May of 1987, appellant leased space in a building owned by two dentists, Dr. Nored and his wife, Dr. Frieda Hale. Appellant did not pay the rent, and Dr. Hale evicted appellant a few months later. In

October 1987, Nored pleaded guilty to smuggling marijuana, and Judge Howell Cobb sentenced him to confinement in a federal prison.

In December of 1987, appellant contacted Dr. Hale with a proposition: he could get Nored out of prison "within 72 hours" through a top-secret government program. Appellant told Dr. Hale he was president of Zion Research, which operated a community service program for the care of elderly and indigent street people. He said Zion Research ran a project for the release of medical personnel to work in its program. Dr. Hale contacted Bill Rosch, her attorney and complainant here, about the proposal. Rosch called appellant the next day, and appellant told him he wanted $50,000 to negotiate Nored's release. Rosch notified Judge Cobb and Stuart Platt, an Assistant United States Attorney, of the matter.

On December 7, 1987, Platt and Norman Townsend, a special agent with the Federal Bureau of Investigation, went to Judge Cobb's office to discuss the situation. During their meeting, appellant telephoned Judge Cobb, but he hung up or the line was disconnected. Later that day, Judge Cobb telephoned Platt to tell him appellant called his office again.

Platt telephoned appellant and identified himself as Judge Cobb. Appellant told him he was looking for incarcerated health care professionals whom the court could release to work in community service programs to provide care to the indigent. Appellant specifically asked about Nored. Platt, posing as Judge Cobb, said he would not consider Nored a candidate for any release program.

Rosch continued to talk with appellant over the telephone on behalf of Dr. Hale. Appellant told Rosch that Judge Cobb agreed to release Nored from prison. Rosch insisted appellant reduce the complete agreement to writing.

On December 29, 1987, Rosch met with appellant at a motel restaurant to sign a written contract for Nored's release. Appellant presented Rosch with a three-page typed contract: 90 days after the payment of $50,000 ($5,000 down payment) and two cellular portable telephones, Judge Cobb would release Nored. Observing all the formalities of contract law, both men signed the agreement. Rosch gave appellant the down payment of $5,000, provided by the Texas Department of Public Safety. As appellant counted the money, Rosch rubbed his nose (the signal for the arrest). The officers missed it the first time, so again Rosch rubbed his nose. The officers finally spotted the signal and arrested appellant.

In his only point of error, appellant argues the State did not prove appellant appropriated the money from Rosch without Rosch's effective consent.

The indictment charges:

[Appellant] ... did then and there unlawfully apropriate [sic] by acquiring and otherwise exercising control over property, namely, cash money, owned by BILL ROSCH, hereafter styled the Complainant, of the value of over seven hundred fifty dollars and under twenty thousand dollars, with the intent to deprive the Complainant of the property, and *without the effective consent* of the complainant. (Emphasis added.)

Tex.Penal Code Ann. 31.01(4) (Vernon 1984) provides consent is not effective if it is:

(A) induced by deception or coercion;

\*     \*     \*     \*     \*     \*

or,

(D) given solely to detect the commission of an offense.

Appellant relies on *Swope v. State*, 723 S.W.2d 216 (Tex.App.—Austin 1986, pet. granted). In *Swope*, the court held an offense of theft by deception under section 31.01(4)(A), requires the victim to rely upon defendant's falsehoods. *Id.* at 223. Appellant argues Rosch did not give his consent because he knew of appellant's fraudulent intentions.

The statutory subsection appropriate here is (D) of 31.01(4), not subsection (A). The evidence shows appellant perpetrated a scheme to deprive Rosch of $50,000. It is clear Rosch gave appellant the money in

**546**

order to detect the commission of an offense.

We overrule appellant's point of error and affirm the judgment.