Robinson v. State

(comment: 1)

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-462-CR

RONALD DWIGHT ROBINSON APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 16
TH
 DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Ronald Dwight Robinson appeals from his conviction for theft of a steering wheel grip cover and a Wal-Mart Shopping Card of the value of less than $1,500 from Jorge Hernandez, the loss prevention officer for Wal-Mart on duty at the store on the day of the theft.
(footnote: 2)  In one point, he argues that the evidence is legally and factually insufficient to sustain his conviction.  We will affirm.

On January 12, 2002, appellant entered a Wal-Mart store in Denton, Texas, wearing a black leather jacket, jeans, and “pleather” shoes.  When he entered the store, he was not carrying anything and went directly to the hardware department where he picked up a vacuum cleaner still in its box.  Without looking at the vacuum cleaner or comparing it to others on display, appellant put it in a nearby cart and took it to the service desk, passing by the cash registers where it should have been purchased.  At the service desk, appellant told the clerk, Mark Doyle, that he wanted a refund for the vacuum cleaner but that he did not have his receipt with him.  He told Doyle that he thought his wife had it, and he then left the store, allegedly to get the receipt.

When appellant returned to the store, he was no longer wearing a leather jacket, but was now wearing a shirt with a big number on the front, a baseball cap, and the same “pleather” shoes.  Appellant walked directly to the electronics department and picked up a VHS movie and then went to the automotive department and picked up a steering wheel grip cover.  Appellant then went back to the service desk to return the VHS movie and vacuum cleaner and purchase the steering wheel grip cover.  After obtaining his manager’s approval, Doyle issued appellant a gift card in the amount of $176.49, which included a refund for the movie and vacuum cleaner minus $8.88 for the steering wheel grip cover that appellant “purchased” with the credit from the vacuum cleaner and movie.  Appellant could not obtain cash because he did not have a receipt for the items.  After receiving the gift card, appellant left the store. 

Hernandez and Sheriff Clement, who also worked for Wal-Mart’s loss prevention office and had been watching appellant’s activities with Hernandez since appellant first came in the store, followed appellant as he left the store.  Once outside, appellant began to run and later tripped, allowing Hernandez and Clement to catch up to him.  Appellant was taken back to the store and brought into the manager’s office, and the police were called.  Although appellant stated before his arrest that he owned the vacuum cleaner, he never produced receipts for the vacuum cleaner or the movie.  Hernandez testified that appellant did not have his permission to take the vacuum cleaner, the steering wheel grip cover, the movie, or the gift card. 

Appellant’s sole point on appeal is that the evidence is legally and factually insufficient to show the appropriation was without the owner’s consent.  He did not challenge the sufficiency of the evidence on any other element of the offense as set forth in the indictment or the charge. 

In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the verdict in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Jackson v. Virginia, 
443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Burden v. State
, 55 S.W.3d 608, 612 (Tex. Crim. App. 2001).  This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.  
Jackson, 
443 U.S. at 319, 99 S. Ct. at 2789.  When performing a legal sufficiency review, we may not sit as a thirteenth juror, re-evaluating the weight and credibility of the evidence and, thus, substituting our judgment for that of the fact finder.  
Dewberry v. State
, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1131 (2000).

In reviewing the factual sufficiency of the evidence to support a conviction, we are to view all the evidence in a neutral light, favoring neither party. 
 Johnson v. State
, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); 
Clewis v. State
, 922 S.W.2d 126, 129, 134 (Tex. Crim. App. 1996).  Evidence is factually insufficient if it is so weak as to be clearly wrong and manifestly unjust or the adverse finding is against the great weight and preponderance of the available evidence.  
Johnson
, 23 S.W.3d at 11.  Therefore, we must determine whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the
 verdict
, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof.  
Id.
  In performing this review, we are to give due deference to the fact finder’s determinations. 
 Id.
 at 8-9; 
Clewis, 
922 S.W.2d at 136.  We may not substitute our judgment for that of the fact finder’s.  
Johnson
, 23 S.W.3d at 12.  Consequently, we may find the evidence factually insufficient only where necessary to prevent manifest injustice.  
Johnson
, 23 S.W.3d at 9, 12; 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).

A person commits theft “if he unlawfully appropriates property with intent to deprive the owner of property.”  
Tex. Penal Code Ann. 
§ 31.03(a) (Vernon 2003).  “Appropriation of property is unlawful if . . . it is without the owner's effective consent . . . .” 
 Id. 
§ 31.03(b)(1).  

Appellant contends that he could not be guilty of the offense of theft because the manager of the store was aware that appellant did not own the vacuum cleaner and thus did not rely on appellant’s representations in approving the gift card transaction.
  
See Swope v. State
, 723 S.W.2d 216, 223 (Tex. App.—Austin 1986) (“[T]his Court concludes that the requirement that the victim rely upon the defendant’s falsehoods . . . is . . . an element of the offense of theft by deception.”), 
aff’d
, 805 S.W.2d 442 (Tex. Crim. App. 1991).  Although evidence in the record supports appellant’s contention that the manager knew appellant was obtaining a refund for property he did not own, the jury could have reasonably concluded that the manager consented to the transaction in order to “detect the commission of [the] offense.”  
Tex. Penal Code Ann.
 § 31.01(3)(D);
 see Smith v. State
, 766 S.W.2d 544, 545-46 (Tex. App.—Houston [1
st
 Dist.] 1989, pet. ref’d) (“It is clear [complainant] gave appellant the money in order to detect the commission of an offense.”);
 Moore v. State
, 659 S.W.2d 445, 448 (Tex. App.—Houston [14
th
 Dist.] 1983, no pet.) (holding owner who knew defendant did not own merchandise but still gave defendant cash refund did not do so with “effective consent” because refund was given solely to detect commission of offense).
(footnote: 3)  Such a finding is also not against the great weight and preponderance of the evidence.  Having reviewed the record, we hold that 
there was legally and factually sufficient evidence to sustain appellant’s conviction for theft of the gift card and 
steering wheel grip cover
.  We overrule appellant’s sole point and affirm the trial court’s judgment.

JOHN CAYCE

CHIEF JUSTICE

PANEL F: CAYCE, C.J.; LIVINGSTON and DAUPHINOT, JJ.

DAUPHINOT, J. filed a dissenting opinion.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED: October 2, 2003

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-462-CR

RONALD DWIGHT ROBINSON APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 16
TH
 DISTRICT COURT OF DENTON COUNTY

------------

DISSENTING OPINION

------------

On appeal, Appellant raises legal and factual sufficiency challenges.  The majority finds waiver.  I must respectfully dissent from the majority’s holding that Appellant waived his right to challenge sufficiency of the evidence.

The indictment alleged that Appellant stole a vacuum cleaner, a VHS movie, and a steering wheel cover from Sheriff Clement.  The jury charge authorized conviction if the jury found that Appellant stole one steering wheel grip cover and one Wal-Mart Shopping Card from Jorge Hernandez.  This divergence between the indictment and the charge apparently stems from procedural glitches occurring between the presentment of the case to the grand jury and the delivery of the verdict.

The clerk’s record originally provided to this court contains a motion to amend the indictment but no order granting the motion and no amended indictment.  The motion is file marked August 8, 2002.  The fiat shows the motion was set for hearing on August 9, 2002, at 9:00 a.m.  
At this court’s request, the district clerk’s office faxed an “Order.”  The order states, 

On this the __________ day of ________________, 2002, came on to be heard and considered State’s Motion to Amend Indictment and the Court is of the opinion that same should be granted.

IT IS THEREFORE, ORDERED, ADJUDGED and DECREED that the Indictment now pending in Cause No. F-2002-0377-A should be amended to read as follows[.]

The order was signed August 9, 2002.  It was not filed, however, until 8:10 a.m. on October 10, 2002, the day the judgment was signed and two days after the trial ended.  Although the motion to amend was granted, the record, even as supplemented at the request of this court, contains no amended indictment and nothing that we can construe as an attempt to amend the indictment.  

This is not a case of an improperly amended indictment or an improper attempt to amend the indictment.  The only indictment in this case is the original indictment.  Neither the motion to amend the indictment nor the trial judge’s granting of that motion is an amendment.
(footnote: 1)  Rather, the motion and the order granting the motion “comprise the authorization for the eventual amendment of the [indictment] pursuant to [a]rticle 28.10” of the Texas Code of Criminal Procedure.
(footnote: 2)
 The majority states in a footnote that because Appellant did not object to the State’s failure to amend the indictment, “the alleged error in failing to properly amend the indictment is waived.”
(footnote: 3)  Appellant does not complain that the indictment was somehow faulty.  He argues that the evidence is legally and factually insufficient.  

Evidentiary sufficiency is measured against the substantive elements of

the criminal offense as defined by state law.
(footnote: 4)  In 
Malik v. State
, the Texas Court of Criminal Appeals set forth the standard for ascertaining what those elements are:  “the elements of the offense as defined by the hypothetically correct jury charge for the case.”
(footnote: 5)  The Court of Criminal Appeals has made clear in 
Malik
 and its progeny that the “indictment [is] the basis for the allegations which must be proved”
(footnote: 6) and the hypothetically correct jury charge for the case must be “authorized by the indictment.”
(footnote: 7)  The Court further explained that a hypothetically correct charge is “one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State’s burden of proof or unnecessarily restrict the State’s theories of liability, and adequately describes the particular offense for which the defendant was tried.”
(footnote: 8) 

In 
Gollihar
, the Texas Court of Criminal Appeals held that a material variance renders the evidence insufficient.
(footnote: 9)  In her concurring opinion in 
Fuller
, Presiding Judge Keller explained what a material variance is:

In 
Gollihar
, we addressed the sufficiency implications of a variance between the indictment and the evidence at trial.  We held that, under the hypothetically correct jury charge, “only a ‘material’ variance will render the evidence insufficient.”  In arriving at this holding, we discussed two purposes of the doctrine against variances:  notice and jeopardy preclusion—an indictment should give the defendant enough notice of the crime to allow him to prepare an adequate defense at trial and it should preclude the defendant from being prosecuted later for the same crime.

. . . .  

. . . If the defendant is indicted for murdering Mary, but the State proves that he murdered John, protecting the defendant’s double jeopardy rights requires acquitting the defendant of the murder of Mary.  After such an acquittal, the State could seek an indictment alleging the murder of John.  Acquittal as a remedy for a variance protects the defendant’s double jeopardy interests while also allowing the State an opportunity to prosecute for the “correct” theory of the crime.

This analysis applies to any situation in which the non-statutory fact defines an allowable unit of prosecution.  A defendant indicted for theft for stealing a car should not be convicted of stealing a necklace.  These types of variances—involving non-statutory facts that define allowable units of prosecution—are sufficiency questions.

. . . This is where the law of material variance comes into play:  the non-statutory fact alleged in the indictment must not materially vary from the non-statutory fact proved.  In this way, we ensure that the defendant is not convicted of committing a different crime from the one with which he was charged, while avoiding the imposition of hypertechnical pleading and proof requirements that are not really necessary to protect the defendant’s double jeopardy interests.
(footnote: 10)

In the case before us, the jury charge authorized conviction if the jury found that Appellant had stolen a Wal-Mart Shopping Card from Jorge Hernandez.  Neither that “allowable unit of prosecution” nor its owner was alleged in the indictment.  Because the majority addressed Appellant’s sufficiency issues only in relation to the jury charge and ignored the allegations in the only indictment, I respectfully dissent.

LEE ANN DAUPHINOT

JUSTICE

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED: October 2, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P. 
47.4.

2:
The original indictment alleged that appellant stole a vacuum cleaner, a VHS movie, and a steering wheel grip cover from Sheriff Clement, a loss prevention officer at Wal-Mart.  The State filed a motion to amend the indictment, which the trial court granted by written order to reflect that the items stolen were 
a steering wheel grip cover and a Wal-Mart Shopping Card
 from Jorge Hernandez.  As the dissent notes, however, the original indictment was not physically amended.  
See
 
Riney v. State
, 28 S.W.3d 561, 565-66 (Tex. Crim. App. 2000)
.  
Nevertheless, appellant did not object to the State’s failure to physically amend the indictment at trial and has not complained of this failure on appeal.  Because no objection was made at trial and no complaint has been raised on appeal regarding the indictment, the alleged error in failing to properly amend the indictment is waived.
  
Tex. Code Crim. Proc. Ann.
 art. 1.14(b) (Vernon Supp. 2003) (“If the defendant does not object to a defect, error, or irregularity of form or substance in an indictment or information before the date on which the trial on the merits commences, he waives and forfeits the right to object to the defect, error, or irregularity and he may not raise the objection on appeal or in any other postconviction proceeding.”);
 see, e.g., Ex parte Patterson
, 969 S.W.2d 16, 19 (Tex. Crim. App. 1998) (op. on reh’g); 
State v. Murk
, 815 S.W.2d 556, 557 (Tex. Crim. App. 1991); 
Studer v. State
, 799 S.W.2d 263, 268 (Tex. Crim. App. 1990).

3:
Appellant attempts to distinguish this case from 
Moore
, stating that no cash was given to him as was given to Moore.  The gift card in the amount of $176.49, which appellant obtained through theft, could be used to purchase $176.49 worth of merchandise in Wal-Mart, to which appellant was not entitled. 

1:
See Riney v. State, 
28 S.W.3d 561, 566 (Tex. Crim. App. 2000) (relying on and distinguishing 
Ward v. State
, 829 S.W.2d 787, 793 (Tex. Crim. App. 1992)).

2:
Id.
 (quoting 
Ward
, 829 S.W.2d at 793).

3:
Majority Op. at 2 n.2.

4:
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
McDuff v. State
, 939 S.W.2d 607, 614 (Tex. Crim. App.), 
cert. denied
, 522 U.S. 844 (1997).

5:
953 S.W.2d 234, 240 (Tex. Crim. App. 1997).   

6:
Planter v. State
, 9 S.W.3d 156, 159 n.5 (Tex. Crim. App. 1999); 
see Gollihar v. State
, 46 S.W.3d 243, 254-55 & n.20 (Tex. Crim. App. 2001) (pointing out that one principle that we can glean from the 
Malik
 line is that a “hypothetically correct [jury] charge has its basis in the indictment allegations”); 
Malik
, 953 S.W.2d at 240.

7:
Gollihar
, 46 S.W.3d at 254 (quoting 
Planter
, 9 S.W.3d at 159 nn.5-6); 
Malik
, 953 S.W.2d at 240. 

8:
Malik
, 953 S.W.2d at 240; 
see Fuller v. State
, 73 S.W.3d 250, 254 (Tex. Crim. App. 2002) (Keller, P.J., concurring).

9:
Gollihar
, 46 S.W.3d at 257. 

10:
Fuller
, 73 S.W.3d at 255, 257 (Keller, P.J., concurring) (footnotes omitted).

COMMENTS AND ANNOTATIONS
Comment 1:
Majority Opinion by Chief Justice Cayce; Dissenting Opinion by Justice Dauphinot.