COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 
2-02-462-CR
 
RONALD DWIGHT ROBINSON                                                 APPELLANT 
 
V.
 
THE STATE OF TEXAS                                                                  STATE 
 
------------
 
FROM THE 
16TH DISTRICT COURT OF DENTON COUNTY 
 
------------
 
MEMORANDUM OPINION



 
------------
        Appellant Ronald Dwight Robinson appeals from his conviction for theft 
of a steering wheel grip cover and a Wal-Mart Shopping Card of the value of 
less than $1,500 from Jorge Hernandez, the loss prevention officer for Wal-Mart on duty at the store on the day of the theft. 
 

 In one point, he argues that 
the evidence is legally and factually insufficient to sustain his conviction. We
will affirm.
        On January 12, 2002, appellant entered a Wal-Mart store in Denton, 
Texas, wearing a black leather jacket, jeans, and “pleather” shoes. When he 
entered the store, he was not carrying anything and went directly to the 
hardware department where he picked up a vacuum cleaner still in its box. 
Without looking at the vacuum cleaner or comparing it to others on display, 
appellant put it in a nearby cart and took it to the service desk, passing by the 
cash registers where it should have been purchased. At the service desk, 
appellant told the clerk, Mark Doyle, that he wanted a refund for the vacuum 
cleaner but that he did not have his receipt with him. He told Doyle that he 
thought his wife had it, and he then left the store, allegedly to get the receipt. 
        When appellant returned to the store, he was no longer wearing a leather 
jacket, but was now wearing a shirt with a big number on the front, a baseball 
cap, and the same “pleather” shoes. Appellant walked directly to the 
electronics department and picked up a VHS movie and then went to the 
automotive department and picked up a steering wheel grip cover. Appellant 
then went back to the service desk to return the VHS movie and vacuum 
cleaner and purchase the steering wheel grip cover. After obtaining his 
manager’s approval, Doyle issued appellant a gift card in the amount of 
$176.49, which included a refund for the movie and vacuum cleaner minus 
$8.88 for the steering wheel grip cover that appellant “purchased” with the 
credit from the vacuum cleaner and movie. Appellant could not obtain cash 
because he did not have a receipt for the items. After receiving the gift card, 
appellant left the store. 
        Hernandez and Sheriff Clement, who also worked for Wal-Mart’s loss 
prevention office and had been watching appellant’s activities with Hernandez 
since appellant first came in the store, followed appellant as he left the store. 
Once outside, appellant began to run and later tripped, allowing Hernandez and 
Clement to catch up to him. Appellant was taken back to the store and brought 
into the manager’s office, and the police were called. Although appellant stated 
before his arrest that he owned the vacuum cleaner, he never produced receipts 
for the vacuum cleaner or the movie. Hernandez testified that appellant did not 
have his permission to take the vacuum cleaner, the steering wheel grip cover, 
the movie, or the gift card. 
        Appellant’s sole point on appeal is that the evidence is legally and 
factually insufficient to show the appropriation was without the owner’s 
consent. He did not challenge the sufficiency of the evidence on any other 
element of the offense as set forth in the indictment or the charge. 
        In reviewing the legal sufficiency of the evidence to support a conviction, 
we view all the evidence in the light most favorable to the verdict in order to 
determine whether any rational trier of fact could have found the essential 
elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 
U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Burden v. State, 55 S.W.3d 
608, 612 (Tex. Crim. App. 2001). This standard gives full play to the 
responsibility of the trier of fact to resolve conflicts in the testimony, to weigh 
the evidence, and to draw reasonable inferences from basic facts to ultimate 
facts. Jackson, 443 U.S. at 319, 99 S. Ct. at 2789. When performing a legal 
sufficiency review, we may not sit as a thirteenth juror, re-evaluating the 
weight and credibility of the evidence and, thus, substituting our judgment for 
that of the fact finder. Dewberry v. State, 4 S.W.3d 735, 740 (Tex. Crim. 
App. 1999), cert. denied, 529 U.S. 1131 (2000). 
        In reviewing the factual sufficiency of the evidence to support a 
conviction, we are to view all the evidence in a neutral light, favoring neither 
party. Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); Clewis v. 
State, 922 S.W.2d 126, 129, 134 (Tex. Crim. App. 1996). Evidence is 
factually insufficient if it is so weak as to be clearly wrong and manifestly 
unjust or the adverse finding is against the great weight and preponderance of 
the available evidence. Johnson, 23 S.W.3d at 11. Therefore, we must 
determine whether a neutral review of all the evidence, both for and against the 
finding, demonstrates that the proof of guilt is so obviously weak as to 
undermine confidence in the verdict, or the proof of guilt, although adequate if 
taken alone, is greatly outweighed by contrary proof. Id. In performing this 
review, we are to give due deference to the fact finder’s determinations. Id. at 
8-9; Clewis, 922 S.W.2d at 136. We may not substitute our judgment for that 
of the fact finder’s. Johnson, 23 S.W.3d at 12. Consequently, we may find 
the evidence factually insufficient only where necessary to prevent manifest 
injustice. Johnson, 23 S.W.3d at 9, 12; Cain v. State, 958 S.W.2d 404, 407 
(Tex. Crim. App. 1997). 
        A person commits theft “if he unlawfully appropriates property with intent 
to deprive the owner of property.” Tex. Penal Code Ann. § 31.03(a) (Vernon 
2003). “Appropriation of property is unlawful if . . . it is without the owner's 
effective consent . . . .” Id. § 31.03(b)(1). 
        Appellant contends that he could not be guilty of the offense of theft 
because the manager of the store was aware that appellant did not own the 
vacuum cleaner and thus did not rely on appellant’s representations in 
approving the gift card transaction. See Swope v. State, 723 S.W.2d 216, 
223 (Tex. App.—Austin 1986) (“[T]his Court concludes that the requirement 
that the victim rely upon the defendant’s falsehoods . . . is . . . an element of 
the offense of theft by deception.”), aff’d, 805 S.W.2d 442 (Tex. Crim. App. 
1991). Although evidence in the record supports appellant’s contention that 
the manager knew appellant was obtaining a refund for property he did not 
own, the jury could have reasonably concluded that the manager consented to 
the transaction in order to “detect the commission of [the] offense.” Tex. Penal 
Code Ann. § 31.01(3)(D); see Smith v. State, 766 S.W.2d 544, 545-46 (Tex. 
App.—Houston [1st Dist.] 1989, pet. ref’d) (“It is clear [complainant] gave 
appellant the money in order to detect the commission of an offense.”); Moore 
v. State, 659 S.W.2d 445, 448 (Tex. App.—Houston [14th Dist.] 1983, no pet.) 
(holding owner who knew defendant did not own merchandise but still gave 
defendant cash refund did not do so with “effective consent” because refund 
was given solely to detect commission of offense). 
 

 Such a finding is also not 
against the great weight and preponderance of the evidence. Having reviewed
the record, we hold that there was legally and factually sufficient evidence to
sustain appellant’s conviction for theft of the gift card and steering wheel grip 
cover. We overrule appellant’s sole point and affirm the trial court’s judgment.
 
 
                                                                  JOHN CAYCE 
                                                                  CHIEF JUSTICE 
 
PANEL F:   CAYCE, C.J.; LIVINGSTON and DAUPHINOT, JJ. 
 
DAUPHINOT, J. filed a dissenting opinion.
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: October 2, 2003


 
COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-02-462-CR
 
RONALD DWIGHT ROBINSON                                                 APPELLANT 
 
V.
 
THE STATE OF TEXAS                                                                  STATE 
 
------------
 
FROM THE 16TH DISTRICT COURT OF DENTON COUNTY
 
------------
 
DISSENTING OPINION
 
------------
        On appeal, Appellant raises legal and factual sufficiency challenges. The 
majority finds waiver. I must respectfully dissent from the majority’s holding 
that Appellant waived his right to challenge sufficiency of the evidence. 
        The indictment alleged that Appellant stole a vacuum cleaner, a VHS 
movie, and a steering wheel cover from Sheriff Clement. The jury charge 
authorized conviction if the jury found that Appellant stole one steering wheel 
grip cover and one Wal-Mart Shopping Card from Jorge Hernandez. This 
divergence between the indictment and the charge apparently stems from 
procedural glitches occurring between the presentment of the case to the grand 
jury and the delivery of the verdict. 
        The clerk’s record originally provided to this court contains a motion to 
amend the indictment but no order granting the motion and no amended 
indictment. The motion is file marked August 8, 2002. The fiat shows the 
motion was set for hearing on August 9, 2002, at 9:00 a.m. At this court’s 
request, the district clerk’s office faxed an “Order.” The order states, 
On this the __________ day of ________________, 2002, came
on to be heard and considered State’s Motion to Amend Indictment
and the Court is of the opinion that same should be granted.
 
IT IS THEREFORE, ORDERED, ADJUDGED and DECREED that 
the Indictment now pending in Cause No. F-2002-0377-A should 
be amended to read as follows[.] 

The order was signed August 9, 2002. It was not filed, however, until 8:10
a.m. on October 10, 2002, the day the judgment was signed and two days
after the trial ended. Although the motion to amend was granted, the record,
even as supplemented at the request of this court, contains no amended
indictment and nothing that we can construe as an attempt to amend the
indictment. 
        This is not a case of an improperly amended indictment or an improper 
attempt to amend the indictment. The only indictment in this case is the 
original indictment. Neither the motion to amend the indictment nor the trial 
judge’s granting of that motion is an amendment. 
 

 Rather, the motion and the 
order granting the motion “comprise the authorization for the eventual
amendment of the [indictment] pursuant to [a]rticle 28.10” of the Texas Code
of Criminal Procedure.
 


        The majority states in a footnote that because Appellant did not object 
to the State’s failure to amend the indictment, “the alleged error in failing to 
properly amend the indictment is waived.” 
 

 Appellant does not complain that 
the indictment was somehow faulty. He argues that the evidence is legally and
factually insufficient. 
        Evidentiary sufficiency is measured against the substantive elements of 
the criminal offense as defined by state law.


 In Malik v. State, the Texas
Court of Criminal Appeals set forth the standard for ascertaining what those
elements are: “the elements of the offense as defined by the hypothetically
correct jury charge for the case.”


 The Court of Criminal Appeals has made
clear in Malik and its progeny that the “indictment [is] the basis for the
allegations which must be proved”


 and the hypothetically correct jury charge
for the case must be “authorized by the indictment.”


 The Court further
explained that a hypothetically correct charge is “one that accurately sets out
the law, is authorized by the indictment, does not unnecessarily increase the
State’s burden of proof or unnecessarily restrict the State’s theories of liability,
and adequately describes the particular offense for which the defendant was
tried.”


 
        In Gollihar, the Texas Court of Criminal Appeals held that a material 
variance renders the evidence insufficient. 
 

 In her concurring opinion in Fuller, 
Presiding Judge Keller explained what a material variance is:
In Gollihar, we addressed the sufficiency implications of a
variance between the indictment and the evidence at trial. We held
that, under the hypothetically correct jury charge, “only a ‘material’
variance will render the evidence insufficient.” In arriving at this
holding, we discussed two purposes of the doctrine against
variances: notice and jeopardy preclusion—an indictment should
give the defendant enough notice of the crime to allow him to
prepare an adequate defense at trial and it should preclude the
defendant from being prosecuted later for the same crime.

                . . . . 
 
. . . If the defendant is indicted for murdering Mary, but the 
State proves that he murdered John, protecting the defendant’s 
double jeopardy rights requires acquitting the defendant of the 
murder of Mary. After such an acquittal, the State could seek an 
indictment alleging the murder of John. Acquittal as a remedy for 
a variance protects the defendant’s double jeopardy interests while 
also allowing the State an opportunity to prosecute for the 
“correct” theory of the crime. 
 
This analysis applies to any situation in which the 
non-statutory fact defines an allowable unit of prosecution. A 
defendant indicted for theft for stealing a car should not be 
convicted of stealing a necklace. These types of 
variances—involving non-statutory facts that define allowable units 
of prosecution—are sufficiency questions. 
 
. . . This is where the law of material variance comes into 
play: the non-statutory fact alleged in the indictment must not 
materially vary from the non-statutory fact proved. In this way, we 
ensure that the defendant is not convicted of committing a 
different crime from the one with which he was charged, while 
avoiding the imposition of hypertechnical pleading and proof 
requirements that are not really necessary to protect the 
defendant’s double jeopardy interests. 
 



        In the case before us, the jury charge authorized conviction if the jury 
found that Appellant had stolen a Wal-Mart Shopping Card from Jorge 
Hernandez. Neither that “allowable unit of prosecution” nor its owner was 
alleged in the indictment. Because the majority addressed Appellant’s 
sufficiency issues only in relation to the jury charge and ignored the allegations 
in the only indictment, I respectfully dissent. 
 
 
                                                                  LEE ANN DAUPHINOT 
                                                                  JUSTICE

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: October 2, 2003