**Opinion filed May 6, 2016**



## In The

# Eleventh Court of Appeals

_____

### No. 11-14-00148-CR

_____

### JERRY FLORES, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 142nd District Court**
**Midland County, Texas**
**Trial Court Cause No. CR40451**

### M E M O R A N D U M   O P I N I O N

Jerry Flores appeals his jury conviction for theft over $1,500 but less than $20,000. The trial court assessed his punishment at confinement for a term of two years in the State Jail Division of the Texas Department of Criminal Justice but suspended the sentence and placed Appellant on community supervision for a term of five years. The trial court also ordered Appellant to pay $3,600 in restitution. In one issue on appeal, Appellant challenges the sufficiency of the evidence supporting his conviction. We affirm.

*Background Facts*

In 2011, Brian and Constance Bradley desired to purchase a house. Constance saw an advertisement on Craigslist for a house listed for sale by Appellant and his wife, Clare. Constance contacted Appellant, and the parties began negotiations for the purchase of the house by the Bradleys. The parties negotiated the terms of the purchase over multiple meetings. Brian testified that he asked Appellant during the negotiations whether there was a mortgage on the property. Brian testified that Appellant represented that he and his wife owned the house outright and that there was no mortgage on the house; "[h]e told me they owned it free and clear." However, there was in fact a mortgage on the house. Constance testified that, had she and Brian known there was a mortgage on the house, they would not have signed the contract to purchase the home.

The parties subsequently came to an agreement on the purchase terms, and they signed a typewritten "rent-to-own contract" agreement on May 16, 2011.[1] That same day, the Bradleys paid Appellant $6,000 as a cash down payment. The Bradleys moved into the house and began making payments under the contract in July. In October, the Bradleys received a notice on their front door giving them three days to vacate the property. In this regard, Appellant and his wife had stopped making mortgage payments on the property. The bank holding the mortgage foreclosed on the property and sold it at auction. Clare subsequently acknowledged that she owed the Bradleys money, and she paid them approximately $3,800 to avoid prosecution.

---

[1]The parties conducted the negotiations and prepared the contract without the assistance of an attorney.

*Analysis*

In his sole issue, Appellant challenges the sufficiency of the evidence to prove criminal intent. We review a sufficiency of the evidence issue under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Under the *Jackson* standard, we review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). When conducting a sufficiency review, we consider all the evidence admitted at trial, including pieces of evidence that may have been improperly admitted. *Winfrey v. State*, 393 S.W.3d 763, 767 (Tex. Crim. App. 2013); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). We defer to the factfinder's role as the sole judge of the witnesses' credibility and the weight their testimony is to be afforded. *Brooks*, 323 S.W.3d at 899. This standard accounts for the factfinder's duty to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319; *Clayton*, 235 S.W.3d at 778. When the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the verdict and defer to that determination. *Jackson*, 443 U.S. at 326; *Clayton*, 235 S.W.3d at 778.

A person commits theft "if he unlawfully appropriates property with intent to deprive the owner of property." TEX. PENAL CODE ANN. § 31.03(a) (West Supp. 2015). Appropriate means "to acquire or otherwise exercise control over property other than real property." *Id.* § 31.01(4)(B). An intent to deprive an owner of his property means an intent "to withhold the property from the owner permanently or for so extended a period of time that a major portion of the value or enjoyment of

the property is lost to the owner." *Id.* § 31.01(2)(A). Appropriation of property is unlawful if it "is without the owner's effective consent." *Id.* § 31.03(b)(1).

The indictment alleged that Appellant committed theft of money "by deception" from Constance by acquiring money from her without her effective consent. Consent is not effective if it is induced by deception. *Id.* § 31.01(3)(A). When the State charges theft by way of deception, it is bound to prove deception. *Fernandez v. State*, 479 S.W.3d 835, 838 (Tex. Crim. App. 2016) (citing *Geick v. State*, 349 S.W.3d 542, 548 (Tex. Crim. App. 2011)). To prove theft by deception, the State must show that the owner of the misappropriated property was induced to consent to its transfer because of a deceptive act of the defendant. *Id.* (citing *Daugherty v. State*, 387 S.W.3d 654, 659 (Tex. Crim. App. 2013)). "That is, the defendant's deceptive act must impact the judgment of the property owner in the transaction." *Id.*

The Texas Penal Code provides the following five alternative definitions for "deception":

> (A) creating or confirming by words or conduct a false impression of law or fact that is likely to affect the judgment of another in the transaction, and that the actor does not believe to be true;

> (B) failing to correct a false impression of law or fact that is likely to affect the judgment of another in the transaction, that the actor previously created or confirmed by words or conduct, and that the actor does not now believe to be true;

> (C) preventing another from acquiring information likely to affect his judgment in the transaction;

> (D) selling or otherwise transferring or encumbering property without disclosing a lien, security interest, adverse claim, or other legal impediment to the enjoyment of the property, whether the lien, security interest, claim, or impediment is or is not valid, or is or is not a matter of official record; or

4

(E) promising performance that is likely to affect the judgment of another in the transaction and that the actor does not intend to perform or knows will not be performed, except that failure to perform the promise in issue without other evidence of intent or knowledge is not sufficient proof that the actor did not intend to perform or knew the promise would not be performed.

PENAL § 31.01(1). The trial court provided the jury with the first, second, fourth, and fifth definitions of deception in the court's charge. The State directs our attention to the first, second, and fourth definitions in responding to Appellant's sufficiency challenge.

A claim of theft made in connection with a contract requires proof of more than an intent to deprive the owner of property and subsequent appropriation of the property. *Wirth v. State*, 361 S.W.3d 694, 697 (Tex. Crim. App. 2012). In that circumstance, the State must prove that the appropriation was a result of a false pretext, or fraud. *Id.* To constitute theft by deception, the victim's consent to the defendant's control over the property must be "induced by deception," meaning that the victim relied on the defendant's deceptive act when giving his consent. *Demond v. State*, 452 S.W.3d 435, 453 (Tex. App.—Austin 2014, pet. ref'd) (citing PENAL § 31.01(3)(A)); *see also Daugherty*, 387 S.W.3d at 659 n.18 (citing *Swope v. State*, 723 S.W.2d 216, 223 (Tex. App.—Austin 1986), *aff'd on other grounds*, 805 S.W.2d 442 (Tex. Crim. App. 1991) (concluding that reliance upon the defendant's deception is an element of theft by deception)). "The reliance need not be the sole, or even controlling, reason why the victim decided to provide [his consent], but it must be a substantial or material factor in the decision-making process." *Daugherty*, 387 S.W.3d at 659 n.18 (internal citations omitted).

"[W]hen a defendant is charged with theft by deception, consent must be induced by deception. In such a circumstance, the consent given is ineffective." *Bozeman v. State*, No. 06-10-00055-CR, 2012 WL 112532, at *5 (Tex. App.—

5

Texarkana Jan. 12, 2012, no pet.) (mem. op., not designated for publication). Viewing the evidence in the light most favorable to the verdict, a rational trier of fact could have found that Appellant—by deception—induced the Bradleys to consent to the transaction by representing that the property did not have a mortgage on it. We conclude that this misrepresentation about the title to the property constituted deception. In this regard, Appellant created or confirmed by words or conduct a false impression of law or fact, and he failed to correct a false impression of law or fact that was likely to affect the Bradleys' judgment in the transaction. *See* PENAL § 31.01(1)(A), (B). Additionally, he transferred property without disclosing a lien, security interest, adverse claim, or other legal impediment to the enjoyment of the property. *See id.* § 31.01(1)(D). Furthermore, the Bradleys testified that they relied upon Appellant's misrepresentation that he and his wife owned the property "free and clear" and that they would not have entered into the agreement had Appellant told them otherwise.

Appellant offers several arguments why his conduct does not rise to the level of criminal culpability. He first asserts that he provided partial performance to the Bradleys by allowing them use and enjoyment of his home for more than five months. Some Texas cases have recognized that, if a contract is partially or substantially performed, then the intent to commit theft through deception is not shown by the evidence. *See Jacobs v. State*, 230 S.W.3d 225, 231–32 (Tex. App.— Houston [14th Dist.] 2006, no pet.); *Baker v. State*, 986 S.W.2d 271, 275 (Tex. App.—Texarkana 1998, pet. ref'd). Appellant's reliance on these cases is misplaced. In those cases, the only evidence of "theft" was a failure to perform as contracted as outlined in Section 31.01(1)(E) of the Penal Code. Here, there is substantially more evidence of deception than there is of a failure to perform under a contract. Specifically, this case involves Appellant creating a false impression of law or fact concerning the title to property. We recognized in *Lopez v. State* that

6

evidence of partial performance under a contract is not relevant to a charge that an actor induced the property owner's consent to a contract by creating a false impression of law or fact. 316 S.W.3d 669, 677 (Tex. App.—Eastland 2010, no pet.). The Court of Criminal Appeals has reached the same conclusion, holding that "[t]he fact that partial or even substantial work has been done on a contract will not invariably negate either the intent to deprive or the deception necessary to establish the unlawfulness of the initial appropriation." *Taylor v. State*, 450 S.W.3d 528, 537 (Tex. Crim. App. 2014). Accordingly, partial performance under the contract has no bearing on our determination of Appellant's intent.

Appellant additionally asserts that he could not be criminally culpable for his conduct because he had no intent to deprive the Bradleys of their money at the time he accepted the money from them. He asserts that he did not have an intention to wrongfully take their money at that time because the mortgage was current at the time of the conveyance. Appellant is correct that the evidence must show that he intended to deprive the Bradleys of the property at the time the property was taken. *Wirth*, 361 S.W.3d at 697. However, we disagree with Appellant's assessment of the evidence. In reviewing the sufficiency of the evidence, we look at events occurring before, during, and after the commission of the offense. *Id.* The Bradleys testified that Appellant misrepresented the nature of the title to the property during the negotiations, which preceded their payment of the down payment to him. This evidence shows an intent to deprive on the part of Appellant at the time that the Bradleys conveyed the money to him. Moreover, the fact that the mortgage might have been current at the time of the conveyance has no bearing on the fact that Appellant represented that there was no mortgage on the property.

Appellant asserts that this dispute should have been resolved as a civil matter. He points out that, throughout the contract, the Bradleys are referred to as "tenants," not "buyers." He also points out that the monthly payments are considered "rent" in

the contract and not "principal" or "purchase" payments. He asserts that the contract wording shows that the Bradleys' legal position at the time of the agreement was more akin to renters than purchasers. Therefore, he asserts, he did not have an obligation to disclose the mortgage at the time of the agreement. *See* PENAL § 31.01(1)(D). Finally, Appellant asserts that any purported oral representations made to the Bradleys about a mortgage on the house cannot be used against him because the contract purportedly contained a merger clause wherein it provided: "No statement or promise by Owner, its agents, as to tenancy, repairs, amount of rent to be paid, or other terms and conditions shall be binding unless it is put in writing and made a specific part of this agreement.

We disagree with Appellant's characterization of the transaction as a rental agreement based upon the parties' written contract that they prepared themselves without legal representation. It appears that Appellant used some type of rental agreement as a starting point for drafting the contract. However, the title of the contract specifies that it was a "Rent to own contract," and there is no dispute that that the Bradleys were purchasing the property from Appellant and his wife. Furthermore, Appellant has cited no authority that a merger clause precludes his criminal conviction for theft by deception. We note that in the civil context, a merger clause will not prevent a contract from being avoided "for antecedent fraud or fraud in its inducement." *Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am.*, 341 S.W.3d 323, 331 (Tex. 2011) (quoting *Dallas Farm Mach. Co. v. Reaves*, 307 S.W.2d 233, 239 (Tex. 1957)).

The evidence adduced at trial showed Appellant's signature on a thirty-year mortgage taken out on the property in 2003. Negotiations between Appellant and the Bradleys began in 2011. The jury heard testimony that Appellant told the Bradleys that there was no mortgage on the property and that he owned the house outright. The Bradleys then negotiated a price for the house and paid a $6,000 down

8

payment to Appellant, which he put in his sock upon receiving it from the Bradleys. Brian Bradley testified that, under the terms of the contract, he and his wife would purportedly own the property outright after making payments for nine years. The Bradleys then received a notice to vacate the house only a few months after moving in. Brian testified that only then did Appellant and his wife acknowledge that there was a mortgage on the property and that Appellant and his wife had stopped making payments soon after entering into the contract with the Bradleys. A rational jury could have concluded that Appellant represented to the Bradleys that there was no mortgage on the house, that Appellant knew this was not true, and that this likely affected the Bradleys' decision to sign the contract and pay the $6,000 down payment. Accordingly, the evidence is sufficient to support the jury's verdict on the offense of theft by deception in an amount greater than $1,500 but less than $20,000. We overrule Appellant's sole issue.

*This Court's Ruling*

We affirm the judgment of the trial court.


JOHN M. BAILEY
JUSTICE


May 6, 2016

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.